No. 25-30478

# In the United States Court of Appeals for the Fifth Circuit

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF
ITSELF AND ITS MEMBERS; MYRON SMITH, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED; DAMARIS JACKSON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NATE WALKER,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;
DARRIUS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK
STEVENSON; ALVIN WILLIAMS,
*Plaintiffs-Appellees*

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY;
MISTY STAGG, IN HER OFFICIAL CAPACITY AS DIRECTOR OF PRISON
ENTERPRISES, INCORPORATED; LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,
*Defendants-Appellants*

————————————————

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 23-cv-1304, Hon. Brian A. Jackson

————————————————

**MOTION TO CONSOLIDATE AND TO STAY THE AUGUST 22 INJUNCTION
ORDER PENDING APPEAL**

————————————————

*(Counsel listed on inside cover)*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

# CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

/s/ J. Benjamin Aguiñaga
J. BENJAMIN AGUIÑAGA

Under Federal Rule of Appellate Procedure 27, Appellants (the State) respectfully move this Court to (a) consolidate this appeal with the pending appeal arising from the same litigation, *Voice of the Experienced v. LeBlanc*, No. 25-30322 (5th Cir.); and (b) stay the district court's August 22 Order (attached) pending appeal. Plaintiffs-Appellees consent to consolidation; they oppose a stay pending appeal.[1]

\* \* \*

This is the State's third appeal arising from the district court's seriatim preliminary-injunction orders in this prison-conditions litigation regarding the Louisiana State Penitentiary. The district court first entered a preliminary injunction on July 2, 2024. That injunction expired by operation of law under the Prison Litigation Reform Act (PLRA) while the State's appeal was pending. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required

---

[1] Mindful of Federal Rule of Appellate Procedure 8, the State has filed a motion to stay the August 22 Order in the district court. The State is aware, however, that the stay motion is futile in light of the district court's ordering injunctive relief "to once again preserve human health and safety." Aug. 22 Order at 4. Accordingly, the State respectfully submits that Rule 8's default provisions do not apply here. *See Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) (no district court resolution of a stay request is required if "it clearly appears that further arguments in support of the stay would be pointless in the district court").

1

under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period."). This Court thus vacated the July 2 injunction order. *See Voice of the Experienced v. Westcott*, No. 24-30420 (5th Cir. Aug. 5, 2025) (*VOTE I*).

The district court next entered a preliminary injunction on May 23, 2025. This Court heard oral argument on August 4 in the State's appeal from that injunction. That injunction expired by operation of law under the PLRA yesterday, August 21. The State's appeal of that injunction remains pending in this Court. *See Voice of the Experienced v. LeBlanc*, No. 25-30322 (5th Cir.) (*VOTE II*).

Notwithstanding that the May 23 injunction at issue in *VOTE II* expired on August 21, the district court—on August 22—purported to enter a "successive preliminary injunction" ordering the same relief granted in the expired May 23 injunction: that Defendants call "Heat Alerts" at 88 degrees Fahrenheit, rather than 91 degrees Fahrenheit as Defendants' policies require. Aug. 22 Order at 2–3. In so holding, the district court truncated the PLRA's expiration provision by deleting the struck-through language here: "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless

the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." *Compare id.* at 2, *with* § 3626(a)(2). The district court also freely admitted that "[t]he ninetieth day after the Court issued its May 23 Ruling passed yesterday." Aug. 22 Order at 2. Finally, as with the May 23 injunction order, the district court did not make the findings required by § 3626(a)(1) to extend injunctive relief. Nor did the district court make any such relief "final" by entering a permanent injunction before August 21.

*     *     *

The State requests two forms of relief. *First*, the State requests consolidation of this appeal with the appeal in *VOTE II*, No. 25-30322. The issues in this appeal directly overlap with those at issue in *VOTE II*. Moreover, upon conferring with Plaintiffs' counsel, the State has confirmed that Plaintiffs consent to consolidation with *VOTE II*.

*Second*, the State requests that this Court stay the August 22 Order pending appeal. This Court considers four factors when considering whether a stay pending appeal is appropriate: "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2)

whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies." *Vote.Org v. Callanen*, 39 F.4th 297, 302–03 (5th Cir. 2022).

Here, the State is not just likely to succeed on the merits—it *will* win on the merits. That is because the August 22 Order is lawless in at least three independent respects.

**One,** the August 22 Order blatantly violates the PLRA's 90-day rule. As recounted above, the PLRA provides that "[p]reliminary injunctive relief shall automatically expire *on the date that is 90 days after its entry*, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final *before* the expiration of the 90-day period." § 3626(a)(2) (emphasis added). Under this rule, the district court agreed that the May 23 injunction expired: "The ninetieth day after the Court issued its May 23 Ruling passed yesterday ...." Aug. 22 Order at 2. Accordingly, by the PLRA's plain terms, the district court could not revive or extend the relief entered in the May 23 injunction order because the district court made

no such attempt "*before* the expiration of the 90-day period." § 3626(a)(2) (emphasis added).

Yet the district court did so anyway. It freely proclaimed that it was entering "a successive preliminary injunction requiring the issuance of a 'Heat Alert' on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit," *id.*—*i.e.*, the same relief the district court had ordered in the expired May 23 injunction order. With all respect, that is blatantly unlawful. The PLRA's 90-day expiration rule is meaningless if district courts can just reenter identical relief again and again regardless whether they comply with the 90-day rule. *See, e.g.*, *White v. Black*, 190 F.3d 366, 368 (5th Cir. 1999) ("[W]hen construing a statute, the court should give words their ordinary meaning and should not render as meaningless the language of the statute."). Yet that is the district court's view of the PLRA. It is wrong—and the State will win this appeal on that basis.

**Two,** even setting aside the 90-day problem, the district court did not "make[] the findings required under subsection (a)(1)"—the first of the PLRA's two conditions for extending prospective relief. § 3626(a)(2). That was not because the district court did not know about them. The

5

district court's refusal to make such findings as to the May 23 injunction order is the core problem presented in *VOTE II*. Moreover, the State specifically briefed this findings issue to the district court prior to the entry of the August 22 Order. Yet the district court refused even to acknowledge the findings requirement in the August 22 Order, let alone make the findings. For the reasons explained in the briefs and at oral argument in *VOTE II*, the August 22 Order is independently unlawful on that ground. *See United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616, 638–39 (5th Cir. 2025).

**Three,** even if the district court had made those findings, it did not "make[] [its] order final"—the PLRA's second condition for extending prospective relief. § 3626(a)(2). This Court recently explained that finality in this context means a permanent injunction. *See VOTE I*, 2025 WL 2222990, at *3 ("the plaintiff prisoners [] allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2)"); *accord Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) ("[I]f a judge enters a preliminary injunction in a suit covered by this section, that injunction will terminate on its 90th day unless the court has rendered it permanent …."); *Georgia Advocacy Office*

*v. Jackson*, 4 F.4th 1200, 1211 (11th Cir. 2021), *vacated on settlement grounds* 33 F.4th 1325 (11th Cir. 2022) ("[T]he entry of a permanent injunction is necessary to prevent a preliminary injunction from expiring by operation of law after 90 days under the PLRA's 'unless' clause.").

In this case, the district court did not enter a permanent injunction in the August 22 Order. To the contrary, the district court expressly accepted Plaintiffs' representation "that they are not seeking to make the Court's May 23 Ruling permanent." Aug. 22 Order at 5. For that additional reason, therefore, the August 22 Order is unlawful.

Not only is the State likely—and indeed, certain—to prevail in its challenge to the August 22 Order, but the State also satisfies the equities analysis. As this Court and the Supreme Court have long held, "it is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." Order at 9–10, *VOTE I*, No. 24-30420 (5th Cir. July 12, 2024), ECF 41-1 (quoting *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)). "The Louisiana Legislature assigned the prerogatives of prison policy to DPSC." *Id.* at 10 (quoting *Marlowe v. LeBlanc*, 810 F. App'x 302, 306 (5th Cir. 2020)). "The district court's order

therefore 'prevents the State from effectuating the Legislature's choice and hence imposes irreparable injury.'" *Id.* (quoting *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020)).

*   *   *

The State does not use the term "lawless" lightly. But respectfully, that is an accurate description of what has happened below. The PLRA squarely bars the district court's improper August 22 Order. The State respectfully requests that the Court consolidate this appeal with *VOTE II* and stay the August 22 Order pending appeal.

.

Respectfully submitted,

Dated:   August 22, 2025

ELIZABETH B. MURRILL
Attorney General of Louisiana

*J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,607 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:   August 22, 2025

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.

NO. 23-01304-BAJ-EWD

<u>RULING AND ORDER</u>

Before the Court is Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** and **Motion for Expedited Consideration** of same (Doc. 281). Plaintiffs ask the Court to issue a successive preliminary injunction granting the same relief encompassed in the Court's May 23, 2025 Temporary Restraining Order (Doc. 253). (Doc. 280 at 1). Defendants oppose the Motion. (Doc. 286). Plaintiffs filed a Reply Brief. (Doc. 291).

For the following reasons, Plaintiffs' Motion for Renewed Injunctive Relief (Doc. 280) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Motion for Expedited Consideration (Doc. 281) is **GRANTED.**

I.      **BACKGROUND**

On May 23, 2025, the Court issued a Temporary Restraining Order, ordering the following relief: (1) Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit; and (2) Defendants shall monitor the heat index on the Farm Line at LSP every 30 minutes. (Doc. 253, the "Court's May 23 Ruling"). The factual background and

procedural history of this case is detailed, at length, in the Court's May 23 Ruling. (Doc. 253 at 1–8). The Court will not repeat the background of the case here, but will supplement to include the developments that have occurred in the intervening 90 days.

On August 5, 2025, the United States Court of Appeals for the Fifth Circuit issued an Unpublished Opinion and Judgment, vacating the Court's July 2, 2024 Order ("July 2 Order"), and remanding the matter to this Court for further proceedings in accordance with its Mandate and Judgment ("August 5 Mandate and Judgment," Fifth Circuit Docket No. 24-30420, Doc. 123; Doc. 124).

Following the August 5 Mandate and Judgment, the Court ordered that the parties brief the effect of the August 5 Mandate and Judgment on the current procedural posture of this case. (Doc. 294). The deadline for this briefing has not yet passed. Under the Prison Litigation Reform Act ("PLRA"), however, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry[.]" 18 U.S.C.A. § 3626(a)(2). The ninetieth day after the Court issued its May 23 Ruling passed yesterday, and thus, the Court must address Plaintiffs' requested relief without the benefit of the parties' full briefing on the matter.

Nevertheless, for the reasons described below, the Court finds that there has been no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit. For the same compelling reasons described in the Court's May 23 Ruling, the Court finds that a successive preliminary injunction requiring the issuance of a "Heat Alert" on the Farm Line at LSP whenever the heat index meets

2

or exceeds 88 degrees Fahrenheit is warranted. Such relief will be in place for an additional 90 days, at which point, if necessary, the parties may re-urge the issue.

## II.    DISCUSSION

In its May 23 Ruling, the Court emphasized, after hearing extensive testimony during an evidentiary hearing, as follows:

> Plaintiffs have shown that incarcerated persons working on the Farm Line at LSP are at substantial risk of suffering serious harm under Defendants' current heat index monitoring and Heat Alert practices. The Heat Alert threshold is medically significant because many protections—including bringing heat sensitive persons indoors, providing water and ice, and giving work breaks at specified intervals—are mandatory only once a heat alert is called. (Doc. 201-3 at ¶ 9). And for a Heat Alert to be accurately called, more contemporaneous data collected in more frequent intervals is necessary.

> As it stands, incarcerated persons working on the Farm Line at LSP will not receive medically significant protections until a Heat Alert is called at a heat index of 91 degrees Fahrenheit, sometime within a 2-hour window of when the heat index actually reached 91 degrees Fahrenheit. Defendants' current policies and practices place incarcerated persons at LSP at substantial risk of suffering serious harm.

> Plaintiffs have also shown that Defendants have likely been deliberately indifferent to such risks, increasing the Heat Alert threshold from 88 to 91 degrees Fahrenheit after the Court placed Defendants on notice that they must improve conditions on the Farm Line at LSP to preserve human health and safety, and failing to modify their policies despite their full knowledge that the temperature in Louisiana can sharply increase in a two-hour period. (*See* Doc. 70).

Plaintiffs rightly argue that although the May 23 Ruling is set to expire by operation of law under the PLRA, none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered. (*See* Doc. 280-1 at 5). Should the injunctive relief ordered in the Court's May 23 Ruling lapse, Plaintiffs argue that Defendants will revert to policies that are likely

3

unconstitutional and that place incarcerated persons on the Farm Line at grave risk. (*Id.* at 6). To prevent that from happening, Plaintiffs urge the Court to enter an identical successive preliminary injunction, renewing the protections the Court ordered in its May 23 Ruling, for another 90 days. (*Id.*).

The Court issued a lengthy Ruling describing the factual and legal bases as to why the issuance of an Order requiring Defendants to maintain a Heat Alert threshold of 88 degrees Fahrenheit was necessary to preserve human health and safety. (Doc. 253). Because there have been no intervening changes in fact or law, the Court finds that a successive preliminary injunction is warranted to once again preserve human health and safety. For the reasons described below, Defendants' arguments opposing the issuance of this successive preliminary injunction do not persuade otherwise.

**A. Successive Injunctions Generally.**

First, Defendants argue that a successive preliminary injunction is procedurally inappropriate because the PLRA bars the issuance of identical and successive preliminary injunctions. (Doc. 286 at 1). The Court has already addressed the appropriateness of successive preliminary injunctions generally and will not do so again here. (Doc. 253 at 17–18).

**B. Successive Injunctions in Light of the Circuit's August 5 Mandate and Judgment.**

Second, Defendants urge the Court to find that the Circuit's August 5 Mandate and Judgment forecloses the relief Plaintiffs seek—a successive preliminary injunction. (Doc. 285 at 1–5). Plaintiffs disagree, contending that nothing in the

4

Circuit's August 5 Mandate and Judgment forecloses this new, successive injunction. (Doc. 291 at 10).

The Court has studied the Circuit's August 5 Mandate and Judgment. Based on the Court's review, it appears that the Circuit did not address whether successive, identical preliminary injunctions are appropriate. Instead, the Circuit emphasized the procedure to make a preliminary injunction permanent under the PLRA:

> This appeal is moot because the preliminary injunction expired automatically under the PLRA. The mootness has resulted from the unilateral actions of the party who prevailed below—namely, the plaintiff prisoners who allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2). And defendants' appeal has been frustrated by operation of the PLRA, not their own actions. So vacatur is warranted here. *See Yates*, 677 F. App'x at 918; *Smith*, 88 F.4th at 1127.

(Fifth Circuit Docket No. 24-30420, Doc. 123-1 at 7–8). Here, Plaintiffs explicitly state that they are not seeking to make the Court's May 23 Ruling permanent. (Doc. 291 at 10–11). The Circuit's August 5 Mandate and Judgment does not appear to foreclose the relief issued here but rather addresses a different procedural path.

### C. Whether Pending Appeal Bars Successive Injunctive Relief.

Third, Defendants argue that their pending appeal of the Court's May 23 Ruling requires the Court to deny Plaintiffs' Motion. (Doc. 286 at 6). Although Defendants acknowledge that the Fifth Circuit permits district courts to take actions to maintain the status quo during the pendency of an appeal, Defendants argue that Plaintiffs cannot invoke that "status quo" for two reasons. (*Id.* (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) ("While the validity

of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo' pursuant to Rule 62(c) of the Federal Rules of Civil Procedure."). Applying circular reasoning, Defendants argue that somehow the PLRA's purported bar on successive, identical injunctive relief prevents the Court from maintaining the status quo here. The Court has already addressed this argument and will not do so again.

Defendants next argue that if the Fifth Circuit reverses this Court's May 23 Ruling, then a second Order mandating the same relief would be improper. (Doc. 286 at 7). Because the Circuit has not made such a finding, this argument has no bearing on the current state of the case.

**D. Relief Warranted.**

Finally, Defendants challenge the substance of the Court's May 23 Ruling. Turning first to the Heat Alert threshold, the Court finds that no facts or law have changed in the intervening 90 days to change the necessity of the 88 degree Fahrenheit Heat Alert threshold. Before issuing the May 23 Ruling, the Court held a three-day evidentiary hearing and heard testimony from several witnesses, including Dr. Susi Vassallo.[1] (Doc. 233–235).

As the Court emphasized in its May 23 Ruling, Dr. Vassallo, a licensed physician and expert in thermoregulation, credibly testified that incarcerated persons working on the Farm Line at LSP are at substantial risk of serious harm due to their prolonged exposure to heat indices above 88 degrees Fahrenheit. (Doc. 253 at 21). Dr. Vassallo relied on data from the Occupational Health and Safety

---

[1] The Court is not relying on its July 2, 2024 Order to make this finding—instead, the Court is relying on new evidence presented to the Court for the purpose of the May 23, 2025 Ruling.

Administration, National Weather Service, and scientific literature, described extensively in the Court's May 23 Ruling. (*Id.* at 21–31). The Court's May 23 Ruling was also informed by the fact that the Fifth Circuit and other district courts within the Fifth Circuit have repeatedly relied on Dr. Vassallo's expertise to make similar findings. (Doc. 253 at 24–25).

A Heat Alert threshold of 88 degrees Fahrenheit is also well-supported in the law—numerous courts have found that a heat index of 88 degrees Fahrenheit or higher poses a substantial risk of adverse health outcomes. (Doc. 253 at 31–32). To protect human health and safety, the Court finds that successive injunctive relief is warranted regarding the Heat Alert threshold.

Turning finally to the frequency of heat index monitoring, Defendants contend that they monitor the heat index on the Farm Line at LSP every hour, not every two hours. (Doc. 286 at 8). Accordingly, the difference at issue is one of thirty minutes. The Court will not re-issue this relief at this time.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Expedited Consideration of Motion For Renewed Injunctive Relief (Doc. 281)** is **GRANTED**. The Court has considered Plaintiffs' Motion expeditiously.

**IT IS FURTHER ORDERED** that Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit.

Baton Rouge, Louisiana, this 22nd day of August, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8