No. 25-30478

# In the United States Court of Appeals for the Fifth Circuit

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF
ITSELF AND ITS MEMBERS; MYRON SMITH, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED; DAMARIS JACKSON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NATE WALKER,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;
DARRIUS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK
STEVENSON; ALVIN WILLIAMS,
*Plaintiffs-Appellees*

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY;
MISTY STAGG, IN HER OFFICIAL CAPACITY AS DIRECTOR OF PRISON
ENTERPRISES, INCORPORATED; LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,
*Defendants-Appellants*

———————————————

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 23-cv-1304, Hon. Brian A. Jackson

———————————————

**RENEWED MOTION TO STAY THE AUGUST 22 INJUNCTION ORDER
PENDING APPEAL**

———————————————

*(Counsel listed on inside cover)*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

# CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

/s/ J. Benjamin Aguiñaga
J. BENJAMIN AGUIÑAGA

Under Federal Rule of Appellate Procedure 27, Appellants (the State) respectfully move this Court to stay the district court's August 22 Order (attached at App.71–78) pending appeal. This is a *renewed* motion by the State because another panel of the Court denied the State's original motion in a related case "without prejudice" to the State's refiling the motion for adjudication by a motions panel in *this* docket. *See* Opinion, *Voice of the Experienced v. LeBlanc*, No. 25-30322 (5th Cir. Aug. 28, 2025). Accordingly, the State files this motion requesting that the Court stay the district court's August 22 Order pending appeal for all the reasons articulated in the State's original briefing.

Because the State's request for relief is already fully briefed, the State has attached here its original opening stay motion (App.1–13), Plaintiffs' opposition (App.22–58), and the State's reply in support of a stay pending appeal (App.59–70). As in the original briefing, Plaintiffs oppose a stay pending appeal.

Respectfully submitted,

Dated:    September 11, 2025

ELIZABETH B. MURRILL
Attorney General of Louisiana

*J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

I certify that on September 11, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga

# CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 162 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga

Dated:   September 11, 2025

No. 25-30478

# In the United States Court of Appeals for the Fifth Circuit

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF ITSELF AND ITS MEMBERS; MYRON SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; DAMARIS JACKSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NATE WALKER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; DARRIUS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK STEVENSON; ALVIN WILLIAMS,
*Plaintiffs-Appellees*

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY; MISTY STAGG, IN HER OFFICIAL CAPACITY AS DIRECTOR OF PRISON ENTERPRISES, INCORPORATED; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,
*Defendants-Appellants*

———————————

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 23-cv-1304, Hon. Brian A. Jackson

———————————

## MOTION TO CONSOLIDATE AND TO STAY THE AUGUST 22 INJUNCTION ORDER PENDING APPEAL

———————————

*(Counsel listed on inside cover)*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

ii

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

/s/ J. Benjamin Aguiñaga
J. BENJAMIN AGUIÑAGA

Under Federal Rule of Appellate Procedure 27, Appellants (the State) respectfully move this Court to (a) consolidate this appeal with the pending appeal arising from the same litigation, *Voice of the Experienced v. LeBlanc*, No. 25-30322 (5th Cir.); and (b) stay the district court's August 22 Order (attached) pending appeal. Plaintiffs-Appellees consent to consolidation; they oppose a stay pending appeal.[1]

\* \* \*

This is the State's third appeal arising from the district court's seriatim preliminary-injunction orders in this prison-conditions litigation regarding the Louisiana State Penitentiary. The district court first entered a preliminary injunction on July 2, 2024. That injunction expired by operation of law under the Prison Litigation Reform Act (PLRA) while the State's appeal was pending. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required

---

[1] Mindful of Federal Rule of Appellate Procedure 8, the State has filed a motion to stay the August 22 Order in the district court. The State is aware, however, that the stay motion is futile in light of the district court's ordering injunctive relief "to once again preserve human health and safety." Aug. 22 Order at 4. Accordingly, the State respectfully submits that Rule 8's default provisions do not apply here. *See Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) (no district court resolution of a stay request is required if "it clearly appears that further arguments in support of the stay would be pointless in the district court").

1

under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period."). This Court thus vacated the July 2 injunction order. *See Voice of the Experienced v. Westcott*, No. 24-30420 (5th Cir. Aug. 5, 2025) (*VOTE I*).

The district court next entered a preliminary injunction on May 23, 2025. This Court heard oral argument on August 4 in the State's appeal from that injunction. That injunction expired by operation of law under the PLRA yesterday, August 21. The State's appeal of that injunction remains pending in this Court. *See Voice of the Experienced v. LeBlanc*, No. 25-30322 (5th Cir.) (*VOTE II*).

Notwithstanding that the May 23 injunction at issue in *VOTE II* expired on August 21, the district court—on August 22—purported to enter a "successive preliminary injunction" ordering the same relief granted in the expired May 23 injunction: that Defendants call "Heat Alerts" at 88 degrees Fahrenheit, rather than 91 degrees Fahrenheit as Defendants' policies require. Aug. 22 Order at 2–3. In so holding, the district court truncated the PLRA's expiration provision by deleting the struck-through language here: "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, ~~unless~~

2

~~the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.~~" *Compare id.* at 2, *with* § 3626(a)(2). The district court also freely admitted that "[t]he ninetieth day after the Court issued its May 23 Ruling passed yesterday." Aug. 22 Order at 2. Finally, as with the May 23 injunction order, the district court did not make the findings required by § 3626(a)(1) to extend injunctive relief. Nor did the district court make any such relief "final" by entering a permanent injunction before August 21.

*    *    *

The State requests two forms of relief. *First*, the State requests consolidation of this appeal with the appeal in *VOTE II*, No. 25-30322. The issues in this appeal directly overlap with those at issue in *VOTE II*. Moreover, upon conferring with Plaintiffs' counsel, the State has confirmed that Plaintiffs consent to consolidation with *VOTE II*.

*Second*, the State requests that this Court stay the August 22 Order pending appeal. This Court considers four factors when considering whether a stay pending appeal is appropriate: "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2)

3

whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies." *Vote.Org v. Callanen*, 39 F.4th 297, 302–03 (5th Cir. 2022).

Here, the State is not just likely to succeed on the merits—it *will* win on the merits. That is because the August 22 Order is lawless in at least three independent respects.

**One,** the August 22 Order blatantly violates the PLRA's 90-day rule. As recounted above, the PLRA provides that "[p]reliminary injunctive relief shall automatically expire *on the date that is 90 days after its entry*, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final *before* the expiration of the 90-day period." § 3626(a)(2) (emphasis added). Under this rule, the district court agreed that the May 23 injunction expired: "The ninetieth day after the Court issued its May 23 Ruling passed yesterday ...." Aug. 22 Order at 2. Accordingly, by the PLRA's plain terms, the district court could not revive or extend the relief entered in the May 23 injunction order because the district court made

4

no such attempt "*before* the expiration of the 90-day period." § 3626(a)(2) (emphasis added).

Yet the district court did so anyway. It freely proclaimed that it was entering "a successive preliminary injunction requiring the issuance of a 'Heat Alert' on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit," *id.*—*i.e.*, the same relief the district court had ordered in the expired May 23 injunction order. With all respect, that is blatantly unlawful. The PLRA's 90-day expiration rule is meaningless if district courts can just reenter identical relief again and again regardless whether they comply with the 90-day rule. *See, e.g.*, *White v. Black*, 190 F.3d 366, 368 (5th Cir. 1999) ("[W]hen construing a statute, the court should give words their ordinary meaning and should not render as meaningless the language of the statute."). Yet that is the district court's view of the PLRA. It is wrong—and the State will win this appeal on that basis.

**Two,** even setting aside the 90-day problem, the district court did not "make[] the findings required under subsection (a)(1)"—the first of the PLRA's two conditions for extending prospective relief. § 3626(a)(2). That was not because the district court did not know about them. The

5

district court's refusal to make such findings as to the May 23 injunction order is the core problem presented in *VOTE II*. Moreover, the State specifically briefed this findings issue to the district court prior to the entry of the August 22 Order. Yet the district court refused even to acknowledge the findings requirement in the August 22 Order, let alone make the findings. For the reasons explained in the briefs and at oral argument in *VOTE II*, the August 22 Order is independently unlawful on that ground. *See United States v. Hinds Cnty. Bd. of Supervisors*, 128 F.4th 616, 638–39 (5th Cir. 2025).

**Three,** even if the district court had made those findings, it did not "make[] [its] order final"—the PLRA's second condition for extending prospective relief. § 3626(a)(2). This Court recently explained that finality in this context means a permanent injunction. *See VOTE I*, 2025 WL 2222990, at *3 ("the plaintiff prisoners [] allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2)"); *accord Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) ("[I]f a judge enters a preliminary injunction in a suit covered by this section, that injunction will terminate on its 90th day unless the court has rendered it permanent ...."); *Georgia Advocacy Office*

6

*v. Jackson*, 4 F.4th 1200, 1211 (11th Cir. 2021), *vacated on settlement grounds* 33 F.4th 1325 (11th Cir. 2022) ("[T]he entry of a permanent injunction is necessary to prevent a preliminary injunction from expiring by operation of law after 90 days under the PLRA's 'unless' clause.").

In this case, the district court did not enter a permanent injunction in the August 22 Order. To the contrary, the district court expressly accepted Plaintiffs' representation "that they are not seeking to make the Court's May 23 Ruling permanent." Aug. 22 Order at 5. For that additional reason, therefore, the August 22 Order is unlawful.

Not only is the State likely—and indeed, certain—to prevail in its challenge to the August 22 Order, but the State also satisfies the equities analysis. As this Court and the Supreme Court have long held, "it is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." Order at 9–10, *VOTE I*, No. 24-30420 (5th Cir. July 12, 2024), ECF 41-1 (quoting *Woodford v. Ngo*, 548 U.S. 81, 94 (2006)). "The Louisiana Legislature assigned the prerogatives of prison policy to DPSC." *Id.* at 10 (quoting *Marlowe v. LeBlanc*, 810 F. App'x 302, 306 (5th Cir. 2020)). "The district court's order

therefore 'prevents the State from effectuating the Legislature's choice and hence imposes irreparable injury.'" *Id.* (quoting *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020)).

*    *    *

The State does not use the term "lawless" lightly. But respectfully, that is an accurate description of what has happened below. The PLRA squarely bars the district court's improper August 22 Order. The State respectfully requests that the Court consolidate this appeal with *VOTE II* and stay the August 22 Order pending appeal.

.

Respectfully submitted,

Dated:    August 22, 2025

ELIZABETH B. MURRILL
Attorney General of Louisiana

*J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

8

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,607 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:    August 22, 2025

10

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A                  CIVIL ACTION
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

VERSUS

JAMES LEBLANC, ET AL.                   NO. 23-01304-BAJ-EWD

<u>RULING AND ORDER</u>

Before the Court is Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** and **Motion for Expedited Consideration** of same (Doc. 281). Plaintiffs ask the Court to issue a successive preliminary injunction granting the same relief encompassed in the Court's May 23, 2025 Temporary Restraining Order (Doc. 253). (Doc. 280 at 1). Defendants oppose the Motion. (Doc. 286). Plaintiffs filed a Reply Brief. (Doc. 291).

For the following reasons, Plaintiffs' Motion for Renewed Injunctive Relief (Doc. 280) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Motion for Expedited Consideration (Doc. 281) is **GRANTED.**

I.     **BACKGROUND**

On May 23, 2025, the Court issued a Temporary Restraining Order, ordering the following relief: (1) Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit; and (2) Defendants shall monitor the heat index on the Farm Line at LSP every 30 minutes. (Doc. 253, the "Court's May 23 Ruling"). The factual background and

procedural history of this case is detailed, at length, in the Court's May 23 Ruling. (Doc. 253 at 1–8). The Court will not repeat the background of the case here, but will supplement to include the developments that have occurred in the intervening 90 days.

On August 5, 2025, the United States Court of Appeals for the Fifth Circuit issued an Unpublished Opinion and Judgment, vacating the Court's July 2, 2024 Order ("July 2 Order"), and remanding the matter to this Court for further proceedings in accordance with its Mandate and Judgment ("August 5 Mandate and Judgment," Fifth Circuit Docket No. 24-30420, Doc. 123; Doc. 124).

Following the August 5 Mandate and Judgment, the Court ordered that the parties brief the effect of the August 5 Mandate and Judgment on the current procedural posture of this case. (Doc. 294). The deadline for this briefing has not yet passed. Under the Prison Litigation Reform Act ("PLRA"), however, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry[.]" 18 U.S.C.A. § 3626(a)(2). The ninetieth day after the Court issued its May 23 Ruling passed yesterday, and thus, the Court must address Plaintiffs' requested relief without the benefit of the parties' full briefing on the matter.

Nevertheless, for the reasons described below, the Court finds that there has been no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit. For the same compelling reasons described in the Court's May 23 Ruling, the Court finds that a successive preliminary injunction requiring the issuance of a "Heat Alert" on the Farm Line at LSP whenever the heat index meets

2

or exceeds 88 degrees Fahrenheit is warranted. Such relief will be in place for an additional 90 days, at which point, if necessary, the parties may re-urge the issue.

## II.   DISCUSSION

In its May 23 Ruling, the Court emphasized, after hearing extensive testimony during an evidentiary hearing, as follows:

> Plaintiffs have shown that incarcerated persons working on the Farm Line at LSP are at substantial risk of suffering serious harm under Defendants' current heat index monitoring and Heat Alert practices. The Heat Alert threshold is medically significant because many protections—including bringing heat sensitive persons indoors, providing water and ice, and giving work breaks at specified intervals— are mandatory only once a heat alert is called. (Doc. 201-3 at ¶ 9). And for a Heat Alert to be accurately called, more contemporaneous data collected in more frequent intervals is necessary.

> As it stands, incarcerated persons working on the Farm Line at LSP will not receive medically significant protections until a Heat Alert is called at a heat index of 91 degrees Fahrenheit, sometime within a 2-hour window of when the heat index actually reached 91 degrees Fahrenheit. Defendants' current policies and practices place incarcerated persons at LSP at substantial risk of suffering serious harm.

> Plaintiffs have also shown that Defendants have likely been deliberately indifferent to such risks, increasing the Heat Alert threshold from 88 to 91 degrees Fahrenheit after the Court placed Defendants on notice that they must improve conditions on the Farm Line at LSP to preserve human health and safety, and failing to modify their policies despite their full knowledge that the temperature in Louisiana can sharply increase in a two-hour period. (*See* Doc. 70).

Plaintiffs rightly argue that although the May 23 Ruling is set to expire by operation of law under the PLRA, none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered. (*See* Doc. 280-1 at 5). Should the injunctive relief ordered in the Court's May 23 Ruling lapse, Plaintiffs argue that Defendants will revert to policies that are likely

3

unconstitutional and that place incarcerated persons on the Farm Line at grave risk. (*Id.* at 6). To prevent that from happening, Plaintiffs urge the Court to enter an identical successive preliminary injunction, renewing the protections the Court ordered in its May 23 Ruling, for another 90 days. (*Id.*).

The Court issued a lengthy Ruling describing the factual and legal bases as to why the issuance of an Order requiring Defendants to maintain a Heat Alert threshold of 88 degrees Fahrenheit was necessary to preserve human health and safety. (Doc. 253). Because there have been no intervening changes in fact or law, the Court finds that a successive preliminary injunction is warranted to once again preserve human health and safety. For the reasons described below, Defendants' arguments opposing the issuance of this successive preliminary injunction do not persuade otherwise.

### A. Successive Injunctions Generally.

First, Defendants argue that a successive preliminary injunction is procedurally inappropriate because the PLRA bars the issuance of identical and successive preliminary injunctions. (Doc. 286 at 1). The Court has already addressed the appropriateness of successive preliminary injunctions generally and will not do so again here. (Doc. 253 at 17–18).

### B. Successive Injunctions in Light of the Circuit's August 5 Mandate and Judgment.

Second, Defendants urge the Court to find that the Circuit's August 5 Mandate and Judgment forecloses the relief Plaintiffs seek—a successive preliminary injunction. (Doc. 285 at 1–5). Plaintiffs disagree, contending that nothing in the

4

Circuit's August 5 Mandate and Judgment forecloses this new, successive injunction. (Doc. 291 at 10).

The Court has studied the Circuit's August 5 Mandate and Judgment. Based on the Court's review, it appears that the Circuit did not address whether successive, identical preliminary injunctions are appropriate. Instead, the Circuit emphasized the procedure to make a preliminary injunction permanent under the PLRA:

> This appeal is moot because the preliminary injunction expired automatically under the PLRA. The mootness has resulted from the unilateral actions of the party who prevailed below—namely, the plaintiff prisoners who allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2). And defendants' appeal has been frustrated by operation of the PLRA, not their own actions. So vacatur is warranted here. *See Yates*, 677 F. App'x at 918; *Smith*, 88 F.4th at 1127.

(Fifth Circuit Docket No. 24-30420, Doc. 123-1 at 7–8). Here, Plaintiffs explicitly state that they are not seeking to make the Court's May 23 Ruling permanent. (Doc. 291 at 10–11). The Circuit's August 5 Mandate and Judgment does not appear to foreclose the relief issued here but rather addresses a different procedural path.

### C. Whether Pending Appeal Bars Successive Injunctive Relief.

Third, Defendants argue that their pending appeal of the Court's May 23 Ruling requires the Court to deny Plaintiffs' Motion. (Doc. 286 at 6). Although Defendants acknowledge that the Fifth Circuit permits district courts to take actions to maintain the status quo during the pendency of an appeal, Defendants argue that Plaintiffs cannot invoke that "status quo" for two reasons. (*Id.* (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) ("While the validity

5

of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo' pursuant to Rule 62(c) of the Federal Rules of Civil Procedure."). Applying circular reasoning, Defendants argue that somehow the PLRA's purported bar on successive, identical injunctive relief prevents the Court from maintaining the status quo here. The Court has already addressed this argument and will not do so again.

Defendants next argue that if the Fifth Circuit reverses this Court's May 23 Ruling, then a second Order mandating the same relief would be improper. (Doc. 286 at 7). Because the Circuit has not made such a finding, this argument has no bearing on the current state of the case.

**D. Relief Warranted.**

Finally, Defendants challenge the substance of the Court's May 23 Ruling. Turning first to the Heat Alert threshold, the Court finds that no facts or law have changed in the intervening 90 days to change the necessity of the 88 degree Fahrenheit Heat Alert threshold. Before issuing the May 23 Ruling, the Court held a three-day evidentiary hearing and heard testimony from several witnesses, including Dr. Susi Vassallo.[1] (Doc. 233–235).

As the Court emphasized in its May 23 Ruling, Dr. Vassallo, a licensed physician and expert in thermoregulation, credibly testified that incarcerated persons working on the Farm Line at LSP are at substantial risk of serious harm due to their prolonged exposure to heat indices above 88 degrees Fahrenheit. (Doc. 253 at 21). Dr. Vassallo relied on data from the Occupational Health and Safety

---

[1] The Court is not relying on its July 2, 2024 Order to make this finding—instead, the Court is relying on new evidence presented to the Court for the purpose of the May 23, 2025 Ruling.

Administration, National Weather Service, and scientific literature, described extensively in the Court's May 23 Ruling. (*Id.* at 21–31). The Court's May 23 Ruling was also informed by the fact that the Fifth Circuit and other district courts within the Fifth Circuit have repeatedly relied on Dr. Vassallo's expertise to make similar findings. (Doc. 253 at 24–25).

A Heat Alert threshold of 88 degrees Fahrenheit is also well-supported in the law—numerous courts have found that a heat index of 88 degrees Fahrenheit or higher poses a substantial risk of adverse health outcomes. (Doc. 253 at 31–32). To protect human health and safety, the Court finds that successive injunctive relief is warranted regarding the Heat Alert threshold.

Turning finally to the frequency of heat index monitoring, Defendants contend that they monitor the heat index on the Farm Line at LSP every hour, not every two hours. (Doc. 286 at 8). Accordingly, the difference at issue is one of thirty minutes. The Court will not re-issue this relief at this time.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Expedited Consideration of Motion For Renewed Injunctive Relief (Doc. 281)** is **GRANTED**. The Court has considered Plaintiffs' Motion expeditiously.

7

**IT IS FURTHER ORDERED** that Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit.

Baton Rouge, Louisiana, this ____ day of August, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8

No. 25-30478

# In the United States Court of Appeals for the Fifth Circuit

---

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF ITSELF AND ITS MEMBERS; MYRON SMITH, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; DAMARIS JACKSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NATE WALKER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; DARRIUS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; KEVIAS HICKS; JOSEPH GUILLORY; ALVIN WILLIAMS,
*Plaintiffs-Appellees*

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
*Defendants-Appellants*

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA (NO. 23-CV-1304) (THE HONORABLE BRIAN A. JACKSON)*

---

**APPELLEES' RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE AND TO STAY THE AUGUST 22, 2025 INJUNCTION ORDER PENDING APPEAL**

---

*(Counsel listed on inside cover)*

SAMANTHA POURCIAU
THE PROMISE OF JUSTICE INITIATIVE
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
*sbosalavage@defendla.org*

LYDIA WRIGHT
RIGHTS BEHIND BARS
1800 M St. NW
Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
*lydia@rightsbehindbars.org*

JOSHUA HILL JR.
JEREMY A. BENJAMIN
LEAH R. WEISER
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
*jhill@paulweiss.com*
*jbenjamin@paulweiss.com*
*lweiser@paulweiss.com*

KIMBERLY GRAMBO
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel.: (202) 223-7300
*kgrambo@paulweiss.com*

ANNA M. STAPLETON
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
535 Mission St., 25th floor
San Francisco, CA 94105
Tel: (628) 432-5100
*astapleton@paulweiss.com*

## CERTIFICATE OF INTERESTED PERSONS

_____

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

| Parties | Counsel and Law Firms |
|---|---|
| PLAINTIFFS–APPELLEES<br>Voice of the Experienced,<br>also known as VOTE,<br>Myron Smith, Damaris<br>Jackson, Nate Walker, Darrius<br>Williams, Kevias Hicks, Joseph<br>Guillory, and Alvin Williams | PROMISE OF JUSTICE INITIATIVE<br>Samantha Pourciau<br><br>RIGHTS BEHIND BARS<br>Lydia Wright<br><br>PAUL, WEISS, RIFKIND,<br> WHARTON & GARRISON LLP<br>Joshua Hill Jr.<br>Jeremy A. Benjamin<br>Kimberly Grambo<br>Anna M. Stapleton<br>Leah R. Weiser |
| DEFENDANTS–APPELLANTS<br>James LeBlanc, Secretary,<br>Department of Public Safety<br>and Corrections;<br>Tim Hooper, Warden,<br>Louisiana State Penitentiary;<br>Louisiana Department of<br>Public Safety and Corrections;<br><br>AND<br>Gary Wescott, Secretary,<br>Department of Public Safety<br>and Corrections;<br>Darrel Vannoy, Warden,<br>Louisiana State Penitentiary | KEOGH, COX & WILSON, LTD.<br>Andrew Blanchfield<br>C. Reynolds LeBlanc<br>Chelsea A. Payne<br><br>ATTORNEY GENERAL OF<br>LOUISIANA<br>Elizabeth B. Murrill<br>J. Benjamin Aguiñaga |

*/s/ Jeremy A. Benjamin*
JEREMY A. BENJAMIN
*Attorney of Record for Appellees*

AUGUST 25, 2025

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................... 1

BACKGROUND .......................................................................... 3

    A.   First Injunction ............................................................. 4

    B.   Remedial Order and Heat Alert Threshold
          Change ......................................................................... 5

    C.   Second Injunction ......................................................... 6

    D.   Third Injunction ........................................................... 7

ARGUMENT .............................................................................. 8

I.    APPELLANTS' MOTION IS IMPROPER UNDER
     RULE 8 .............................................................................. 8

II.   APPELLANTS CANNOT SATISFY THE
     REQUIREMENTS FOR A STAY. ...................................... 10

    A.   Appellants Cannot Make a Strong Showing That
          They Are Likely to Succeed on the Merits. ................. 11

          1.   *Appellants' PLRA Arguments Fail.* ................... 11

          2.   *Appellants Do Not Dispute the Merits of the
              District Court's Eighth Amendment Analysis.* ... 21

    B.   Appellants Cannot Show Irreparable Harm ............... 23

    C.   The Balance of the Equities and the Public
          Interest Weigh Strongly against a Stay ...................... 25

CONCLUSION ........................................................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alloway* v. *Hodge*,
    72 F. App'x 812 (10th Cir. 2003) ................................................. 13

*Barber* v. *Bryant*,
    833 F.3d 510 (5th Cir. 2016) ........................................................ 8

*Boire* v. *Pilot Freight Carriers, Inc.*,
    515 F.2d 1185 (5th Cir.1975) ..................................................... 24

*Book People, Inc.* v. *Wong*,
    91 F.4th 318 (5th Cir. 2024) ...................................................... 25

*Brown* v. *Plata*,
    563 U.S. 493 (2011) .................................................................. 23

*Cole* v. *Collier*,
    2017 WL 3049540 (S.D. Tex. July 19, 2017) ............................ 22

*Cole* v. *Collier*,
    No. 4:14-cv-01698 (S.D. Tex. Oct. 12, 2017) ............................ 14

*Cumberland Tel. & Tel. Co.* v. *La. Pub. Serv. Comm.*,
    260 U.S. 212 (1922) .................................................................... 9

*Farmer* v. *Brennan*,
    511 U.S. 825 (1994) ............................................................ 15, 23

*Gates* v. *Cook*,
    376 F.3d 323 (5th Cir. 2004) ................................................ 13, 20

*Georgia Advocacy Office* v. *Jackson*,
    4 F.4th 1200 (11th Cir. 2021) ................................................... 15

*Gonannies, Inc.* v. *Goupair.Com, Inc.*,
    464 F. Supp. 2d 603 (N.D. Tex. 2006) ...................................... 24

*Guzman* v. *Hacienda Recs. & Recording Studio, Inc.*,
   808 F.3d 1031 (5th Cir. 2015) .................................................. 22

*United States* v. *Hinds County Board of Supervisors*,
   128 F.4th 616 (5th Cir. 2025)............................................. 20, 21

*Jackson Women's Health Org.* v. *Currier*,
   760 F.3d 448 (5th Cir. 2014) .................................................. 25

*Lewis* v. *Cain*,
   701 F. Supp. 3d 361 (M.D. La. 2023) ...................................... 22

*Louisiana* v. *Biden*,
   55 F.4th 1017 (5th Cir. 2022).................................................. 11

*Mayweathers* v. *Newland*,
   258 F.3d 930 (9th Cir. 2001) .................................................. 13

*Melendez* v. *Sec'y, Fla. Dep't of Corr.*,
   2022 WL 1124753 (11th Cir. Apr. 15, 2022) ...................... 13, 15

*Monroe* v. *Bowman*,
   122 F.4th 688 (7th Cir. 2024)................................................. 13

*Nken* v. *Holder*,
   556 U.S. 418 (2009) .......................................................10, 23, 25

*Pulsifer* v. *United States*,
   601 U.S. 124 (2024) ............................................................... 19

*Robinson* v. *Labrador*,
   2024 WL 4953686 (D. Idaho Dec. 3, 2024).............................. 13

*Ross* v. *Johnson*,
   2023 WL 3864995 (D. Nev. June 6, 2023)................................ 13

*Russello* v. *United States*,
   464 U.S. 16 (1983) ................................................................. 19

*Sec. & Exch. Comm'n* v. *Barton*,
   79 F.4th 573 (5th Cir. 2023)..................................................... 9

v

*Tiede* v. *Collier*,
   No. 1:23-CV-01004-RP (W.D. Tex. Mar. 29, 2025) ................... 22

*Voice of the Experienced* v. *LeBlanc*,
   2024 WL 3279899 (M.D. La. July 2, 2024) ................................ 4

*Voice of the Experienced* v. *Westcott*,
   No. 24-30420 ................................................................... 4, 5, 24

*Voice of the Experienced* v. *LeBlanc*,
   No. 25-30322 .................................................................... 4, 7, 10

*W. Sur. Co.* v. *PASI of LA, Inc.*,
   334 F. Supp. 3d 764 (M.D. La. 2018) ....................................... 25

*Whole Woman's Health* v. *Paxton*,
   972 F.3d 649 (5th Cir. 2020) ................................................. 8, 10

*Yates* v. *Collier*,
   868 F.3d 354 (5th Cir. 2017) ..................................................... 22

## Statutes

18 U.S.C. § 3626 (PLRA).........................................................*passim*

## Other Authorities

U.S. Const. Amend. VIII....................................................1, 2, 16, 21

Fed. R. App. P. 8 ...................................................................... 2, 8, 9

Fed. R. Civ. P. 23(b)(2)................................................................. 24

APP029

## PRELIMINARY STATEMENT

In May 2025, based on voluminous documentary evidence and live testimony, the district court found that Defendants-Appellants' decision to increase the threshold for calling a "Heat Alert" on the Farm Line at Louisiana State Penitentiary ("LSP") likely violates the Eighth Amendment, and it ordered Appellants to return, for 90 days, to their historic practice of calling Heat Alerts when the heat index meets or exceeds 88°F.  That injunction expired on August 21, 2025.

On August 22, 2025, having found "no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit," the district court issued a new injunction requiring LSP to maintain its historic Heat Alert threshold for another 90 days.

Appellants noticed an appeal and have now filed a Motion to Consolidate and to Stay the August 22 Injunction Order Pending Appeal ("Mot.").  Appellees do not contest consolidation.  However, Appellants' request to stay an injunction that maintains the status quo—that Appellants themselves followed for years and subsequently followed under court order for three months without seeking a stay—is both improper and unwarranted.

*First*, Rule 8 of the Federal Rules of Appellate Procedure mandates that Appellants first seek and be denied a stay by the district court unless doing so would be futile, requirements Appellants do not satisfy.

*Second*, Appellants do not, and cannot, show that a stay is warranted. Far from showing likelihood of success on the merits, Appellants' arguments are premised on a misreading of the Prison Litigation Reform Act ("PLRA") that has been soundly rejected by courts nationwide and on a mischaracterization of the third injunction as an extension of the second injunction rather than a new, successive injunction. Appellants thus complain that the new injunction does not satisfy rules that are inapplicable under the PLRA.

Notably, Appellants do not challenge the underlying merits of the district court's Eighth Amendment analysis. Thus, Appellants effectively concede the finding that their revised Heat Alert threshold violates the Constitution; yet, they fight tooth and nail to avoid reinstating their historic 88°F threshold for an additional 90 days while the courts process Appellants' ever-increasing stack of interlocutory appeals.

Appellants likewise fail to articulate any irreparable harm they will suffer if denied a stay beyond vague notions of state interests in prison

administration.  The ordered relief is uncontroversial:  Appellants had a longstanding practice of calling a Heat Alert at 88°F, until they decided—against the weight of both science and basic human decency—to *raise* that threshold, in the middle of this litigation, to 91°F.  Appellants did not seek a stay when this relief was first ordered, so they have now been calling a Heat Alert at 88°F for months.  Requiring Appellants to simply maintain that status quo for 90 days is the bare minimum required to prevent gross violations of Appellees' constitutional rights.

Finally, Appellants cannot show that the balance of equities and public interest support a stay.  The new injunction will temporarily prevent constitutional violations and provide life-saving heat protections as this case proceeds to trial and final judgment on all of Appellees' claims.

## BACKGROUND

This is the third time Plaintiffs-Appellees have been required to seek and have received preliminary relief during Louisiana's punishing summertime heat.  Because this Court is familiar with the facts underlying this litigation, Appellees will summarize only the relevant procedural history.

## A.    First Injunction

In spring 2024, Appellees filed their first motion for preliminary injunctive relief, seeking to enjoin the Farm Line whenever the heat index rose above 88°F.  ECF No. 37.[1]  The district court partially granted that motion, ordering Appellants to "take immediate measures to correct the glaring deficiencies in their heat-related policies."  *Voice of the Experienced* v. *LeBlanc*, 2024 WL 3279899, at *31 (M.D. La. July 2, 2024) ("July 2024 Order").

Appellants sought to stay the injunction pending appeal, but this Court denied the stay as to those parts of the July 2024 Order requiring Appellants to provide shade, breaks, sunscreen, and protective clothing and equipment on the Farm Line.  *VOTE I*, No. 41-1 at 6.  This Court only stayed those parts of the July 2024 Order that were not limited to the Farm Line, finding them likely overbroad under the PLRA.  *Id.*

The July 2024 injunction expired by operation of law under the PLRA while appeal was pending.  *See* 18 U.S.C. § 3626(a)(2).

---

[1] Citations to "ECF No. [X]" refer to the district court docket, *Voice of the Experienced* v. *LeBlanc*, No. 23-CV-1304 (M.D. La.).  Citations to "*VOTE I*" refer to the docket of *Voice of the Experienced* v. *Westcott*, No. 24-30420 (5th Cir.).  Citations to "*VOTE II*" refer to the docket of *Voice of the Experienced* v. *LeBlanc*, No. 25-30322 (5th Cir.).

Accordingly, this Court found the appeal of the July 2024 Order was moot and vacated it without reaching the merits. *See VOTE I*, No. 123-1.

### B.    Remedial Order and Heat Alert Threshold Change

In late July 2024, Appellants proposed a plan purporting to resolve the unconstitutional conditions on the Farm Line.    ECF No. 86. Appellees challenged this proposal as inadequate, and the district court agreed, noting Appellants' "bad faith" and "apparent obstinance towards proposing meaningful changes to conditions on the Farm Line," and issued a remedial order addressing some of the infirmities identified. ECF No. 109 at 2, 5–8.

Yet, in October 2024—despite the district court's admonition—Appellants revised their DOC-wide heat pathology policy, HCP8, by increasing the threshold at which a "Heat Alert" would be called, from a heat index of 88°F—a threshold DOC had followed for years—to 91°F. ECF No. 132 at 3; ECF No. 37-39 at 6 (August 2018 version of HCP8, with 88°F Heat Alert threshold); ECF No. 132-5 at 5 (October 2024 version of HCP8, with 91°F Heat Alert threshold).    In April 2025, LSP revised its corresponding policy, LSP Directive 13.067, to include the same higher Heat Alert threshold.  ECF No. 223-2 at 4.

The increased threshold is highly significant because the issuance of a Heat Alert triggers several precautions, including the requirement that men known to be particularly heat-sensitive be brought indoors and that regular breaks be given.  ECF No. 132-5 at 4–5.  By raising the Heat Alert threshold, Appellants made their heat precaution policies less protective, making the Farm Line substantially more dangerous.

## C.    Second Injunction

In February 2025, the district court adjourned the April 2025 trial date *sine die*.  ECF No. 193.  Thus, in March 2025, Appellees again sought injunctive relief to protect the health and safety of men on the Farm Line, moving for, *inter alia*, a temporary restraining order requiring Appellants to issue a Heat Alert whenever the heat index meets or exceeds 88°F and to monitor the heat index every 30 minutes.  ECF No. 201.

In briefing that motion, the parties submitted over 70 exhibits.  The district court heard oral argument on April 22, 2025, ECF No. 233, and also admitted as evidence the testimony of Dr. Susi Vassallo, Appellees' expert in thermoregulation, from a contemporaneous evidentiary hearing on class certification, as well as certain scientific studies underlying

Dr. Vassallo's opinion that there is a sharp increase in mortality and morbidity when the heat index reaches 88°F, ECF No. 250-3 at 107:4–108:4, 118:6–120:17, 172:18–173:20.

On May 23, 2025, the district court granted the requested temporary restraining order in full. ECF No. 253 at 38 (the "May 23 Order"). Appellants appealed, ECF No. 254, but did not seek a stay pending appeal. Following expedited briefing, oral argument was held on August 4, 2025. *VOTE II*, No. 82. The appeal remains pending.

### D.    Third Injunction

Anticipating that the May 23 Order would expire on August 21, 2025—90 days after it issued—Appellees moved for a new, successive injunction providing the same relief as that entered in the May 23 Order. On August 22, 2025, the district court granted Appellees' motion in part, enjoining Appellants to continue calling a Heat Alert when the heat index reaches 88°F for another 90 days. ECF No. 297 at 8 (the "Renewal Order"). The court did not renew its relief with respect to the frequency of heat index monitoring. *Id*. at 7. Appellants appealed and now seek a stay pending appeal.

## ARGUMENT

This Court should dismiss Appellants' stay request for multiple reasons. *First*, it is procedurally improper because it was filed in contravention of Rule 8 of the Federal Rules of Appellate Procedure ("Rule 8"), which alone warrants dismissal of Appellants' motion.

*Second*, Appellants have not and cannot meet their burden to obtain a stay. "A stay is an intrusion into the ordinary processes of administration and judicial review," and "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Barber* v. *Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken* v. *Holder*, 556 U.S. 418, 427 (2009)). Appellants have not and cannot make the strong showing required to warrant such an intrusion here.

## I.    APPELLANTS' MOTION IS IMPROPER UNDER RULE 8.

Appellants' attempt to simultaneously request a stay from this Court and the district court—while failing to show that moving first in the district court would be futile—is procedurally improper. Rule 8 "mandates that the party moving for a stay in a court of appeals must have either first tried *and failed* to obtain a stay in the district court or, alternately, 'show that moving first in the district court would be impracticable.'" *Whole Woman's Health* v. *Paxton*, 972 F.3d 649, 653 (5th

Cir. 2020) (emphasis added) (quoting Fed. R. App. P. 8(a)(2)(A)); *see also Cumberland Tel. & Tel. Co.* v. *La. Pub. Serv. Comm.*, 260 U.S. 212, 219 (1922) (district court "is best and most conveniently able" to exercise the discretion required in deciding a motion for a stay pending appeal). Appellants cannot satisfy the first option available under Rule 8 simply by filing with the district court and this Court at the same time.

Moreover, Appellants make no colorable attempt to argue that they qualify for the alternative option—where "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(i). Courts find "impracticability" only where it "clearly appears that further arguments in support of the stay would be *pointless* in the district court" because the district court has given some "clear indication" that it would have denied the motion. *Sec. & Exch. Comm'n* v. *Barton*, 79 F.4th 573, 581 (5th Cir. 2023) (quoting *Ruiz* v. *Estelle*, 650 F.2d 555, 567 (5th Cir. 1981)) (emphasis added). Contrary to Appellants' suggestion, Mot. at 1 n.1, the district court issuing the Renewal Order "to preserve human health and safety" is far from any such "clear indication." Appellants' suggestion otherwise—as well as its repeated description of the district court's order as "lawless, " *VOTE II*, No. 88 at 2; Mot. at 4, 8—is not only nonsensical,

but offends the most basic assumptions of judicial integrity and impartiality. *Whole Woman's Health*, 972 F.3d at 654 (finding emergency stay first filed with court of appeals improper because "[t]he State appears to apply a presumption of bad faith on the part of the district court when the appropriate presumption is of course just the opposite").

Without justification, Appellants failed to seek a stay at the district court before asking this Court to step in. This is impermissible.

## II. APPELLANTS CANNOT SATISFY THE REQUIREMENTS FOR A STAY.

To receive a stay pending appeal, Appellants carry the burden of satisfying four factors: "(1) a strong showing that [they are] likely to succeed on the merits"; (2) that they "will be irreparably injured absent a stay"; (3) that "issuance of the stay will [not] substantially injure the other parties" interested in the proceeding; and (4) that "the public interest" supports a stay. *Nken*, 556 U.S. at 433–34 (quoting *Hilton* v. *Braunskill*, 481 U.S. 770, 776 (1987)). The likelihood of success on the merits and Appellants' irreparable injury are "the most critical" factors, and the movant must make a "strong showing" of each. *Id.* at 434–35.

Here, Appellants fail to satisfy their burden on any of the factors.

## A. Appellants Cannot Make a Strong Showing That They Are Likely to Succeed on the Merits.

Appellants have a high burden on likelihood of success—they must show that the district court abused its discretion by entering the challenged relief. *See id.* at 434–35. In undertaking this analysis, this Court is deferential to the district court, reviewing its findings of fact for clear error and its conclusions of law *de novo*. *See Louisiana* v. *Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022).

### 1. Appellants' PLRA Arguments Fail.

Appellants' sole "merits" argument is that the Renewal Order is not a successive injunction but an "extension" of the May 23 Order and is thus invalid because it does not satisfy the PLRA's requirements for extending preliminary relief beyond 90 days. Mot. at 2–3. That argument mischaracterizes the injunction at issue and misconstrues the PLRA.

Appellants' argument turns on the final sentence of subsection (a)(2): "Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18

U.S.C. § 3626(a)(2).  But that sentence is inapplicable here because, as the district court, Appellants, and Appellees all agree, the May 23 Order *did* expire.  *See* Mot. at 2; Renewal Order at 2.  What followed was thus not an extension of the May 23 Order, but a new injunction granting partially overlapping relief.  Indeed, as the district court made abundantly clear, the Renewal Order is a "successive preliminary injunction."  Renewal Order at 1, 2, 4–6.

Because the PLRA permits such successive injunctions, and because the relief entered in the Renewal Order satisfies the statutory requirements for preliminary injunctive relief, Appellants cannot make the required strong showing that they are likely to succeed in proving that the Renewal Order is "lawless."

### a. The PLRA Permits Successive Injunctions.

Nothing in the text or structure of the PLRA restricts the district court's equitable power to issue a successive preliminary injunction when the requirements for preliminary relief are otherwise met.  Every court of appeals to have expressly considered the permissibility of such successive injunctions has reached the same conclusion.  *See, e.g.*, *Mayweathers* v. *Newland*, 258 F.3d 930, 936 (9th Cir. 2001) (reissuing

identical preliminary injunction, as "[n]othing in the [PLRA] limits the number of times a court may enter preliminary relief"); *Monroe* v. *Bowman*, 122 F.4th 688, 697 (7th Cir. 2024) (under the PLRA, plaintiffs "may ask the district court for a new injunction, preliminary or permanent"); *Melendez* v. *Sec'y, Fla. Dep't of Corr.*, 2022 WL 1124753, at *20–21 (11th Cir. Apr. 15, 2022) (affirming second preliminary injunction after first expired under the PLRA); *Alloway* v. *Hodge*, 72 F. App'x 812, 817 (10th Cir. 2003) (unpublished) (endorsing *Mayweathers*' approach).[2]

Although the Fifth Circuit has not squarely addressed the question of successive temporary relief under the PLRA, both its precedents and the practice of district courts within the circuit compel the conclusion that such renewals are permissible. *See, e.g.*, *Gates* v. *Cook*, 376 F.3d 323, 344 (5th Cir. 2004) (affirming three injunctions); *see also* Mem. and Ord. at 2, *Cole* v. *Collier*, No. 4:14-cv-01698 (S.D. Tex. Oct. 12, 2017), ECF

---

[2] This extends to all district courts presented with this issue. *See, e.g.*, *Robinson* v. *Labrador*, 2024 WL 4953686, at *7 (D. Idaho Dec. 3, 2024) (granting second preliminary injunction under the PLRA because plaintiffs had "show[n] that such relief is still warranted" and the relief complied with the PLRA's "needs-narrowness-intrusiveness requirement"); *Ross* v. *Johnson*, 2023 WL 3864995, at *2 (D. Nev. June 6, 2023) ("Because I find that the injunctive relief I previously ordered still comports with this Circuit's standards for the need, narrowness, and intrusiveness of injunctive relief under the PLRA, I hereby renew my prior injunction.").

No. 854 (issuing identical, successive injunctive relief to remediate dangerously hot prison conditions).

Nevertheless, Appellants myopically insist that the *sole* remedy available to plaintiffs following expiration of the initial 90-day preliminary injunction is to seek to "extend" that injunction by asking the district court to make "the findings required under subsection (a)(1) for prospective relief" and make the order "final." *See* Mot. at 3, 5–7. And they further presume that the only way for the district court to satisfy those statutory criteria is to "enter a permanent injunction." Mot. at 7.

The practical implications of Appellants' approach are stunning. In their view, state officials found likely to be deliberately indifferent to an ongoing and serious risk of substantial harm to human health cannot be obligated to ameliorate that risk for more than 90 days absent a full trial on the merits. Following that initial relief, Appellants argue, they must be left free to continue violating the constitutional rights of incarcerated individuals unless and until the district court is able to conduct a trial and enter a permanent injunction. *See* Mot. at 4–7. Nothing in the text of the PLRA requires such a perverse outcome.

In support of that craven position, Appellants muster no authority but a single, *vacated* opinion of the Eleventh Circuit. *See* Mot. at 7 (citing *Georgia Advocacy Office* v. *Jackson*, 4 F.4th 1200 (11th Cir. 2021), *vacated*, 33 F.4th 1325 (2022)). But even if *Jackson* remained valid authority, it bears no import for the question presented here, because *Jackson* held that *extension* of preliminary injunctive relief beyond 90 days required the district court to enter a permanent injunction. *See Jackson*, 4 F.4th at 1207. Because the district court in that case had not entered a successive preliminary injunction, the panel had no cause to consider whether such relief would have been permissible. Indeed, the subsequent practice of the Eleventh Circuit has been to permit entry of overlapping successive preliminary relief. *Melendez*, 2022 WL 1124753, at *20–21.

Nor, as Appellants suggest, does the entry of successive preliminary injunctions render the 90-day expiration rule "meaningless." Mot. at 5. That all preliminary relief must expire after 90 days serves the important function of mandating a periodic reevaluation of whether current conditions continue to warrant temporary relief while the parties await trial. *Accord Farmer* v. *Brennan*, 511 U.S. 825, 827 (1994) (requiring that

deliberate indifference be "determined in light of prison authorities' current attitudes and conduct"). And that is precisely what the district court did here. Renewal Order at 3–4. Because the district court properly concluded that the factual and legal requirements for preliminary injunctive relief were met, entry of a successive preliminary injunction for an additional 90-day period was wholly consistent with the PLRA's requirements.

> b.   *The Relief Ordered Satisfies the PLRA's "Need, Narrowness, and Intrusiveness" Requirements.*

As an order for preliminary relief under the PLRA, the Renewal Order is governed by Section 3626(a)(2). That provision requires that preliminary relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

The Renewal Order readily meets those requirements. As the district court explained therein, the May 23 Order identified the relevant Eighth Amendment harm: under Appellants' current policies, "incarcerated persons working on the Farm Line at LSP will not receive medically significant protections until a Heat Alert is called at a heat

index of 91 degrees Fahrenheit." Renewal Order at 3 (quoting May 23 Order). And "[Appellants] have likely been deliberately indifferent to such risks, increasing the Heat Alert threshold from 88 to 91 degrees Fahrenheit after the Court placed Appellants on notice that they must improve conditions on the Farm Line at LSP to preserve human health and safety." *Id*.

The Renewal Order further recognized that "none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered." *Id*. The relief ordered in the Renewal Order is accordingly necessary to protect incarcerated men from exposure to constitutionally unacceptable levels of risk; narrow insofar as it applies only to the Farm Line at LSP; and minimally intrusive in that it requires Appellants to do nothing more than call a Heat Alert when the heat index reaches the scientifically supported threshold of 88°F, as they have done for years. ECF No. 280-1 at 12–16.

Citing to the last sentence of Section 3626(a)(2), Appellants assert that the Renewal Order is unlawful because the district court "did not 'make[] the findings required under subsection (a)(1).'" Mot. 5. But no such findings are required. As just explained, the Renewal Order does

not "extend" the May 23 Order and, therefore, the provision on which Appellants' entire argument hinges is inapplicable. The requirements for extension—including that the court make the findings required under subsection (a)(1) and make the order "final"—do not apply.

Rather, the Renewal Order—like the May 23 Order—must satisfy only those requirements set out in subsection (a)(2) for the entry of preliminary relief for up to 90 days. Such relief "must be" necessary, narrow, and minimally intrusive. 18 U.S.C. § 3626(a)(2). But unlike the requirements for prospective relief established in subsection (a)(1), nothing in the text of subsection (a)(2) requires express "findings" that preliminary relief is necessary, narrow, and minimally intrusive. *Id.*

Indeed, imposing the requirements for prospective relief set out in subsection (a)(1) on a preliminary injunction would be contrary to the text and structure of Section 3626 in at least three ways. *First*, the language of subsection (a)(2) differs from that of subsection (a)(1). While (a)(1) requires the district court to "find" that prospective relief is necessary, narrow, and minimally intrusive, subsection (a)(2) merely requires that preliminary relief "must be" those things. Requiring a district court to make findings that those criteria are met before ordering

*preliminary* relief would therefore require "concluding here that the differing language in the two subsections has the same meaning in each." *Russello* v. *United States*, 464 U.S. 16, 23 (1983).

*Second*, imposing the (a)(1) requirement on *all* preliminary relief granted under (a)(2) would wreak havoc on the two-step structure for extending preliminary relief beyond 90 days established in subsection (a)(2). The text of subsection (a)(2) expressly requires that the "findings required under subsection (a)(1)" be made if the preliminary relief ordered is to be "extended" beyond 90 days. But if the same findings required in (a)(1) must be made in the *initial* order for preliminary relief, that requirement would be rendered entirely superfluous. *See Pulsifer* v. *United States*, 601 U.S. 124, 141 (2024).

*Third*, Appellants' argument that the requirements imposed on prospective relief by subsection (a)(1) apply to all preliminary relief granted under (a)(2) implies that all preliminary relief is prospective relief under Section 3626. But collapsing the two categories of relief is contrary to the structure of Section 3626, which differentiates between prospective and preliminary relief. For example, subsection 3626(b) establishes mechanisms for defendants to seek the termination of

prospective relief imposed under subsection (a)(1). Subsection (a)(2) provides a separate rule for the termination of preliminary relief: all such relief automatically expires after 90 days. It would thus be nonsensical to suggest that the termination requirements of subsection (b) apply to preliminary relief. Instead, recognizing that subsection (a)(2) provides a separate and comprehensive set of rules governing preliminary relief ensures that all parts of Section 3626 are given independent, logical meaning.

Appellants' resort to *United States* v. *Hinds County Board of Supervisors*, 128 F.4th 616 (5th Cir. 2025), is inapposite. In *Hinds County*, this Court addressed the requirement for "findings" of necessity, narrowness, and intrusiveness in the context of the entry of prospective relief under subsection (a)(1). *Id*. at 626. But *Hinds County* does not stand for the proposition that such findings are required for preliminary relief under subsection (a)(2). Indeed, this Court's precedents make clear that subsection (a)(2) does not mandate provision-by-provision invocations of the statutory text. *See Gates* v. *Cook*, 376 F.3d 323, 336 n.8 (5th Cir. 2004). And *Hinds County* cannot stand for the proposition Appellants urge. There, this Court held that a summary citation to

subsection (a)(1) was *not* sufficient; rather, the *Hinds County* court explained, a district court must substantively explain through its order how the criteria are met.  128 F.4th at 638–39.  That is precisely what the district court did in both its May 23 Order and Renewal Order. Renewal Order at 3 (quoting May 23 order).

> **2.** *Appellants Do Not Dispute the Merits of the District Court's Eighth Amendment Analysis.*

Conspicuously absent from Appellants' brief is *any* mention of the district court's merits finding that Appellants are deliberately indifferent to a substantial risk of serious harm in contravention of the Eighth Amendment.   Appellants must concede the constitutional violation because they have no meaningful justification for maintaining a Heat Alert threshold at 91°F.

The Renewal Order incorporated the factual findings and conclusions of law from the May 23 Order, holding that there had been "no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit" and reissuing relief to maintain that status quo.  Renewal Order at 2.  This decision to again uphold 88°F as the threshold at which certain heat precautions are necessary rested on "the same compelling reasons described in the Court's May 23 Ruling."

*Id.* These include: the accord of other courts,[3] peer-reviewed studies showing that risk increases exponentially beyond a heat index in the mid-80s,[4] and guidance from multiple government agencies.[5] Most importantly, perhaps, it was informed by crediting Appellees' expert witness over Appellants'—a credibility determination that is not clearly erroneous.[6] ECF No. 253 at 24–31; *see also Guzman* v. *Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) (the clearly erroneous "standard plainly does not entitle this court to reverse the findings of the trial judge simply because we are convinced that we would or could decide the case differently").

Further, because Appellants have been confronted repeatedly with this evidence, including through submissions and testimony "presented

---

[3] ECF No. 253 at 31–32 (citing other cases upholding 88°F threshold for heat protections, including *Cole* v. *Collier*, 2017 WL 3049540, at *18 (S.D. Tex. July 19, 2017) and *Tiede* v. *Collier*, No. 1:23-CV-01004-RP, Doc. 202, p. 13 (W.D. Tex. Mar. 29, 2025)).

[4] ECF No. 253 at 21–23 (including screenshot of one such source).

[5] ECF No. 253 at 26–28 (citing to guidance from the Occupational Safety and Health Administration warning that "[o]utdoor workers have died of heat stroke when the day's maximum Heat Index was only 86 [degrees] Fahrenheit" and noting that U.S. Army guidance relied on by Appellants does not even refer to heat index).

[6] The district court also cited several cases where courts have found Dr. Vassallo highly credible as an expert on heat and its effect on the human body, including *Yates* v. *Collier*, 868 F.3d 354, 363–64 (5th Cir. 2017), *Lewis* v. *Cain*, 701 F. Supp. 3d 361, 402 (M.D. La. 2023), *Tiede*, Doc. 202, p. 11, and *Cole*, 2017 WL 3049540, at *14 n.16.

to the Court for the purposes of the May 23, 2025 Ruling," Renewal Order at 6 n.1, Appellants were aware of the dangers of their revised Heat Alert policy, and therefore deliberately indifferent to a serious threat of substantial harm to Appellees, *id.* at 3; *see also Farmer,* 511 U.S. at 846 n.9 ("If . . . the evidence before a district court establishes that an inmate faces an objectively intolerable risk of serious injury, the defendants could not plausibly persist in claiming lack of awareness").

## B.    Appellants Cannot Show Irreparable Harm.

Appellants fail to satisfy their burden of making a "strong showing" that they will suffer irreparable harm.  *Nken*, 556 U.S. at 434–35; *id.* ("simply showing some possibility" of injury does not suffice) (cleaned up). Indeed, to date, Appellants have never articulated *any* burden associated with maintaining their pre-litigation Heat Alert threshold, other than the supposed intrusion into state sovereignty.  *See* Mot. at 7–8.  That appeal to unquestioned sovereignty fails.  The law recognizes that there are occasions to permit remedies that reach deep into the operations of penal institutions where constitutional rights are involved.  *See Brown* v. *Plata*, 563 U.S. 493, 511 (2011).  In fact, in its prior stay order, this Court determined that Appellants were unlikely to succeed in challenging

aspects of the first injunction which mandated changes to their heat precaution policies. *VOTE I*, No. 41-1 at 8. Moreover, Appellants for years called a Heat Alert at 88°F; the Renewal Order merely requires Appellants to maintain their historic Heat Alert policy for 90 additional days, temporarily clearing the issue and allowing a trial on the merits to occur before the extreme heat returns.[7]

Critically, Appellants did not seek a stay of the May 23 Order, which required more than the Renewal Order does. *See* Renewal Order at 7. Appellants cannot credibly claim maintaining their historic Heat Alert threshold for another few months—when they did not seek relief from doing so for the last three months under the May 23 Order—will now, all of a sudden, cause irreparable harm. *See Boire* v. *Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir.1975) (affirming denial of injunctive relief where movant delayed three months in seeking it); *Gonannies, Inc.* v. *Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) ( "[A] delay in seeking relief rebut[ted] any presumption of irreparable harm"); *W. Sur. Co.* v. *PASI of LA, Inc.*, 334 F. Supp. 3d 764,

---

[7] Appellees intend to move for a trial date immediately after the district court rules on the pending and fully-briefed motion to certify the class and subclass pursuant to Federal Rules of Civil Procedure 23(b)(2).

799 (M.D. La. 2018) ("Absent a good explanation," substantial delay in seeking relief demonstrates "there is no apparent urgency to the request").

## C. The Balance of the Equities and the Public Interest Weigh Strongly against a Stay.

Because the State is the opposing party, the balance of equities and public interest "merge." *Nken*, 556 U.S. at 435. Where, as here, a constitutional violation is occurring, the public interest favors an injunction. *Book People, Inc.* v. *Wong*, 91 F.4th 318, 341 (5th Cir. 2024). The demonstrated, substantial threat of harm to Appellees' lives, health, and safety far outweighs any purported inconvenience Appellants might otherwise claim to suffer.

As the district court correctly recognized, ECF No. 253 at 37, "it is always in the public interest to prevent the violation of a party's constitutional rights," *Jackson Women's Health Org.* v. *Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014) (cleaned up). That is particularly true here, where a stay would place Appellees at risk of substantial, immediate, life-threatening conditions on the Farm Line. The balance of equities and the public interest weigh against a stay here.

## CONCLUSION

For the foregoing reasons, this Court should deny Appellants' motion for a stay pending appeal.

Respectfully submitted,

/S/ *JEREMY A. BENJAMIN*

**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**
JOSHUA HILL JR.
JEREMY A. BENJAMIN
LEAH R. WEISER
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TEL: (212) 373-3000
*jhill@paulweiss.com*
*jbenjamin@paulweiss.com*
*lweiser@paulweiss.com*

KIMBERLY GRAMBO
2001 K Street, NW
Washington, DC 20006-1047
Tel.: (202) 223-7300
*kgrambo@paulweiss.com*

ANNA M. STAPLETON
535 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105
TEL: (628) 432-5100
*astapleton@paulweiss.com*

THE PROMISE OF JUSTICE
  INITIATIVE
SAMANTHA POURCIAU
1024 ELYSIAN FIELDS AVENUE
NEW ORLEANS, LA 70117
TEL: (504) 529-5955
*sbosalavage@defendla.org*

RIGHTS BEHIND BARS
LYDIA WRIGHT
1800 M ST. NW
FNT. 1 #33821
WASHINGTON, D.C. 20033
TEL: (202) 455-4399
*lydia@rightsbehindbars.org*

*ATTORNEYS FOR PLAINTIFFS-*
*APPELLEES AND THE PROPOSED*
*CLASSES*

AUGUST 25, 2025

## CERTIFICATE OF SERVICE

I, Jeremy A. Benjamin, a member of the Bar of this Court and counsel for Appellees certify that, on August 25, 2025, a copy of Appellees' Response in Opposition to Appellant's Motion to Consolidate and to Stay the August 22, 2025 Injunction Order Pending Appeal was filed with the Clerk through the Court's electronic filing system.  I further certify that all parties required to be served have been served.

/s/ *Jeremy A. Benjamin*
JEREMY A. BENJAMIN

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Jeremy A. Benjamin, a member of the Bar of this Court and counsel for appellees certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32, that the Appellees' Response in Opposition to Appellant's Motion to Consolidate and to Stay the August 22, 2025 Injunction Order Pending Appeal is proportionately spaced, has a typeface of 14 points or more, excluding footnotes, which are in 12 point proportionally spaced typeface, and contains 5,156 words.

/S/ *Jeremy A. Benjamin*

JEREMY A. BENJAMIN

AUGUST 25, 2025

No. 25-30478

# In the United States Court of Appeals for the Fifth Circuit

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF
ITSELF AND ITS MEMBERS; MYRON SMITH, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED; DAMARIS JACKSON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; NATE WALKER,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;
DARRIUS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK
STEVENSON; ALVIN WILLIAMS,
*Plaintiffs-Appellees*

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; TIM HOOPER, WARDEN, LOUISIANA STATE PENITENTIARY;
MISTY STAGG, IN HER OFFICIAL CAPACITY AS DIRECTOR OF PRISON
ENTERPRISES, INCORPORATED; LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,
*Defendants-Appellants*

_____

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 23-cv-1304, Hon. Brian A. Jackson

_____

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND TO STAY THE
AUGUST 22 INJUNCTION ORDER PENDING APPEAL**

_____

*(Counsel listed on inside cover)*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

2

The district court's August 22 injunction is a walking PLRA violation. Plaintiffs disagree—they are entitled to their opinion. But they are not entitled to rewrite statutory text and this Court's precedents to avoid a stay of this plainly unlawful injunction.

**1.** Plaintiffs confirm their view that the PLRA's 90-day deadline is meaningless. Preliminary relief may not be extended beyond 90 days absent a final, pre-expiration order making specific findings, says the PLRA. *See* 18 U.S.C. § 3626(a)(2). It depends, say Plaintiffs. In their view, a district court can just let the relief expire for a day and then enter a new preliminary injunction granting the same relief—all without satisfying the PLRA's conditions for extending that relief: (1) making "the findings required under subsection (a)(1) for the entry of prospective relief" and (2) "mak[ing] the order final before the expiration of the 90-day period." *Id.* And a district court is free to rinse and repeat as many times as it wishes wholly disregarding the precise limitations Congress imposed on prospective relief extending beyond 90 days. That is not how statutory interpretation works.

Plaintiffs also have no answer to this point. They say (at 15–16) that the 90-day rule just "mandate[s] a periodic reevaluation of whether

1

current conditions continue to warrant temporary relief while the parties await trial." They do not cite the PLRA for that proposition—because the PLRA betrays Plaintiffs' misrepresentation. The 90-day rule requires specific findings to continue prospective relief; Plaintiffs say (at 18) the district court did not need to make those findings to enter the August 22 injunction. The 90-day rule requires a final order continuing prospective relief; Plaintiffs say (at 18) the district court did not need to enter a final order to enter the August 22 injunction. They are defending the district court's end-run around the PLRA plain and simple. The Court should not tolerate it.

**2.** Plaintiffs also concede that the district court's August 22 order does not satisfy the PLRA's conditions for continuing prospective relief. *First*, they protest (at 14) that a "permanent injunction" is not necessary, but they do not explain what else the PLRA's requirement of a "final" order could mean, 18 U.S.C. § 3626(a)(2). Remember also the *VOTE I* panel's statement on this point? *See Voice of the Experienced v. Westcott*, 2025 WL 2222990, at *3 (5th Cir. Aug. 5, 2025) ("[T]he plaintiff prisoners [] allowed the July 2 preliminary injunction to expire and did not seek to make it *permanent* under 18 U.S.C. § 3626(a)(2)." (emphasis added)). Or

2

the D.C. Circuit's? *See Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) ("[I]f a judge enters a preliminary injunction in a suit covered by this section, that injunction will terminate on its 90th day unless the court has rendered it *permanent* ...." (emphasis added)). Plaintiffs do not say a word. They cannot because those precedents (plus the Eleventh Circuit's decision in *Georgia Advocacy Office v. Jackson*, 4 F.4th 1200, 1211 (11th Cir. 2021)) show that the August 22 injunction is unlawful.

Instead, Plaintiffs replay (at 12–13) the same tired list of cases in which various courts permitted successive injunctions—*none* of which actually address the PLRA's text and its findings and finality requirements. Repeating non-binding cases that do not answer the question presented here does not move the ball for Plaintiffs. And doing so while *ignoring* the cases that *have* answered the question presented illustrates that Plaintiffs have no serious defense of the avowedly non-final August 22 injunction order.

*Second*, Plaintiffs protest (at 18) that the district court did not need to make findings under § 3626(a)(1)(A) because, "unlike the requirements for prospective relief established in subsection (a)(1), nothing in the text of subsection (a)(2) requires express 'findings' that preliminary relief is

3

necessary, narrow, and minimally intrusive." But that argument just assumes that the PLRA's second condition for extending prospective relief—that "the court make[] the findings required under subsection (a)(1) for the entry of prospective relief," § 3626(a)(2)—does not govern. And implicit in Plaintiffs' argument is their concession that the district court obviously did not comply with this condition.

That disposes of Plaintiffs' confused dissertation (at 17–21) on whether § 3626(a)(1)(A) generally governs preliminary relief entered pursuant to § 3626(a)(2). They are wrong to say that it does not, but that is irrelevant because § 3626(a)(2)'s express findings requirement for continuing prospective relief governs here—and Plaintiffs acknowledge that the district court failed to comply with it.

It also bears noting, however, that Plaintiffs mischaracterize this Court's decision in *United States v. Hinds County Board of Supervisors*, 128 F.4th 616 (5th Cir. 2025), in claiming (at 21) that the district court below did "precisely what" *Hinds County* requires. No. The *Hinds County* district court first disregarded § 3626(a) completely and then entered an order summarily stating in "magic words" that the order satisfied the need-narrowness-intrusiveness findings requirement of § 3626(a). *Hinds*

4

*County*, 128 F.4th at 638–39. This Court in *Hinds County* said those approaches failed to comply with the PLRA. In the August 22 injunction order—just as in the May 23 injunction order—the district court refused even to acknowledge the § 3626(a) findings requirement, let alone purport to deem those findings satisfied. The Court should not tolerate that mischaracterization.

**3.** Plaintiffs also bizarrely claim (at 21) that the State has now "concede[d]" that its 91-degree Heat Alert threshold is "deliberately indifferent to a substantial risk of serious harm in contravention of the Eighth Amendment." As Plaintiffs know, the State has directly challenged that alleged violation in the pending *VOTE II* appeal. And as Plaintiffs also know, the State is not required to urge (much less reurge, as here) every merits argument it has in a motion for stay pending appeal. The truth is that the August 22 injunction order is so unlawful under the PLRA that the State sought to streamline this Court's review process by focusing on the most obvious defects. That is not somehow a concession that the State believes itself to be deliberately indifferent.

**4.** Plaintiffs' equities analysis likewise is difficult to understand. They try to downplay (at 23–24) the injury of a federal court forcing a

change to a State's prison policy, but they notably do not acknowledge this Court's longstanding precedents (cited at Stay Mot. at 7–8) recognizing that this is quintessential irreparable harm. They appear to suggest (at 24–25) that the State has unduly delayed in seeking a stay—notwithstanding that the State filed its motion in a matter of hours after the district court entered its August 22 injunction order. Insofar as Plaintiffs mean to complain that the State's tolerance of irreparable harm while expediting and then litigating the *VOTE II* appeal on the merits now forecloses a stay, they cite zero precedents to support that claim. And it makes no sense particularly in a case like this where it is blindingly clear that the district court order is unlawful.

Last, they say (at 25) they win the equities analysis because the August 22 injunction purportedly prevents a violation of their constitutional rights. There is no such violation for all the reasons briefed to the *VOTE II* panel on the merits. In any event, the August 22 injunction order is illegal—and just as "there is generally no public interest in the perpetuation of unlawful agency action," *Wages & White Lion Invs., L.L.C. v. FDA*, 16 F.4th 1130, 1143 (5th Cir. 2021) (citation

6

omitted), there also is no interest in perpetuating an unlawful court order.

**5.** Finally, Plaintiffs try (at 8–10) to avoid a stay on the suggestion that the district court itself might stay the unlawful August 22 order. If their argument sounds strained, that is because they cannot decide how to define "futility." To make a colorable Rule 8 argument, they need to say that the State's moving for a stay in the district court is not futile— but that would signal too strongly the possibility that the district court will grant a stay. And they of course vehemently oppose any stay. But if they too forcefully oppose a stay, then that would signal too strongly that the district court will *not* grant a stay and thus the State's district court motion for a stay is futile.

The reality is the district court repeatedly has demanded remedial measures from the State in now three separate injunctions. The State is under no illusions that the district court will backtrack on its sincerely held belief that the injunction is legally justified. The Court should recognize Plaintiffs' frivolous Rule 8 argument for what it is: an attempt to run out the appellate-review clock while the unlawful relief granted by the district court remains in place.

7

*    *    *

The Court should stay the August 22 injunction order pending appeal.

Respectfully submitted,

Dated:    August 25, 2025

ELIZABETH B. MURRILL
Attorney General of Louisiana

*J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

8

## CERTIFICATE OF SERVICE

I certify that on August 25, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,470 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:    August 25, 2025

10

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A            CIVIL ACTION
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

VERSUS

JAMES LEBLANC, ET AL.                  NO. 23-01304-BAJ-EWD

<u>RULING AND ORDER</u>

Before the Court is Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** and **Motion for Expedited Consideration** of same (Doc. 281). Plaintiffs ask the Court to issue a successive preliminary injunction granting the same relief encompassed in the Court's May 23, 2025 Temporary Restraining Order (Doc. 253). (Doc. 280 at 1). Defendants oppose the Motion. (Doc. 286). Plaintiffs filed a Reply Brief. (Doc. 291).

For the following reasons, Plaintiffs' Motion for Renewed Injunctive Relief (Doc. 280) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Motion for Expedited Consideration (Doc. 281) is **GRANTED.**

I.    **BACKGROUND**

On May 23, 2025, the Court issued a Temporary Restraining Order, ordering the following relief: (1) Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit; and (2) Defendants shall monitor the heat index on the Farm Line at LSP every 30 minutes. (Doc. 253, the "Court's May 23 Ruling"). The factual background and

procedural history of this case is detailed, at length, in the Court's May 23 Ruling. (Doc. 253 at 1–8). The Court will not repeat the background of the case here, but will supplement to include the developments that have occurred in the intervening 90 days.

On August 5, 2025, the United States Court of Appeals for the Fifth Circuit issued an Unpublished Opinion and Judgment, vacating the Court's July 2, 2024 Order ("July 2 Order"), and remanding the matter to this Court for further proceedings in accordance with its Mandate and Judgment ("August 5 Mandate and Judgment," Fifth Circuit Docket No. 24-30420, Doc. 123; Doc. 124).

Following the August 5 Mandate and Judgment, the Court ordered that the parties brief the effect of the August 5 Mandate and Judgment on the current procedural posture of this case. (Doc. 294). The deadline for this briefing has not yet passed. Under the Prison Litigation Reform Act ("PLRA"), however, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry[.]" 18 U.S.C.A. § 3626(a)(2). The ninetieth day after the Court issued its May 23 Ruling passed yesterday, and thus, the Court must address Plaintiffs' requested relief without the benefit of the parties' full briefing on the matter.

Nevertheless, for the reasons described below, the Court finds that there has been no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit. For the same compelling reasons described in the Court's May 23 Ruling, the Court finds that a successive preliminary injunction requiring the issuance of a "Heat Alert" on the Farm Line at LSP whenever the heat index meets

2

or exceeds 88 degrees Fahrenheit is warranted. Such relief will be in place for an additional 90 days, at which point, if necessary, the parties may re-urge the issue.

## II.    DISCUSSION

In its May 23 Ruling, the Court emphasized, after hearing extensive testimony during an evidentiary hearing, as follows:

> Plaintiffs have shown that incarcerated persons working on the Farm Line at LSP are at substantial risk of suffering serious harm under Defendants' current heat index monitoring and Heat Alert practices. The Heat Alert threshold is medically significant because many protections—including bringing heat sensitive persons indoors, providing water and ice, and giving work breaks at specified intervals— are mandatory only once a heat alert is called. (Doc. 201-3 at ¶ 9). And for a Heat Alert to be accurately called, more contemporaneous data collected in more frequent intervals is necessary.
>
> As it stands, incarcerated persons working on the Farm Line at LSP will not receive medically significant protections until a Heat Alert is called at a heat index of 91 degrees Fahrenheit, sometime within a 2-hour window of when the heat index actually reached 91 degrees Fahrenheit. Defendants' current policies and practices place incarcerated persons at LSP at substantial risk of suffering serious harm.
>
> Plaintiffs have also shown that Defendants have likely been deliberately indifferent to such risks, increasing the Heat Alert threshold from 88 to 91 degrees Fahrenheit after the Court placed Defendants on notice that they must improve conditions on the Farm Line at LSP to preserve human health and safety, and failing to modify their policies despite their full knowledge that the temperature in Louisiana can sharply increase in a two-hour period. (*See* Doc. 70).

Plaintiffs rightly argue that although the May 23 Ruling is set to expire by operation of law under the PLRA, none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered. (*See* Doc. 280-1 at 5). Should the injunctive relief ordered in the Court's May 23 Ruling lapse, Plaintiffs argue that Defendants will revert to policies that are likely

3

unconstitutional and that place incarcerated persons on the Farm Line at grave risk. (*Id.* at 6). To prevent that from happening, Plaintiffs urge the Court to enter an identical successive preliminary injunction, renewing the protections the Court ordered in its May 23 Ruling, for another 90 days. (*Id.*).

The Court issued a lengthy Ruling describing the factual and legal bases as to why the issuance of an Order requiring Defendants to maintain a Heat Alert threshold of 88 degrees Fahrenheit was necessary to preserve human health and safety. (Doc. 253). Because there have been no intervening changes in fact or law, the Court finds that a successive preliminary injunction is warranted to once again preserve human health and safety. For the reasons described below, Defendants' arguments opposing the issuance of this successive preliminary injunction do not persuade otherwise.

**A. Successive Injunctions Generally.**

First, Defendants argue that a successive preliminary injunction is procedurally inappropriate because the PLRA bars the issuance of identical and successive preliminary injunctions. (Doc. 286 at 1). The Court has already addressed the appropriateness of successive preliminary injunctions generally and will not do so again here. (Doc. 253 at 17–18).

**B. Successive Injunctions in Light of the Circuit's August 5 Mandate and Judgment.**

Second, Defendants urge the Court to find that the Circuit's August 5 Mandate and Judgment forecloses the relief Plaintiffs seek—a successive preliminary injunction. (Doc. 285 at 1–5). Plaintiffs disagree, contending that nothing in the

4

Circuit's August 5 Mandate and Judgment forecloses this new, successive injunction. (Doc. 291 at 10).

The Court has studied the Circuit's August 5 Mandate and Judgment. Based on the Court's review, it appears that the Circuit did not address whether successive, identical preliminary injunctions are appropriate. Instead, the Circuit emphasized the procedure to make a preliminary injunction permanent under the PLRA:

> This appeal is moot because the preliminary injunction expired automatically under the PLRA. The mootness has resulted from the unilateral actions of the party who prevailed below—namely, the plaintiff prisoners who allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2). And defendants' appeal has been frustrated by operation of the PLRA, not their own actions. So vacatur is warranted here. *See Yates*, 677 F. App'x at 918; *Smith*, 88 F.4th at 1127.

(Fifth Circuit Docket No. 24-30420, Doc. 123-1 at 7–8). Here, Plaintiffs explicitly state that they are not seeking to make the Court's May 23 Ruling permanent. (Doc. 291 at 10–11). The Circuit's August 5 Mandate and Judgment does not appear to foreclose the relief issued here but rather addresses a different procedural path.

### C. Whether Pending Appeal Bars Successive Injunctive Relief.

Third, Defendants argue that their pending appeal of the Court's May 23 Ruling requires the Court to deny Plaintiffs' Motion. (Doc. 286 at 6). Although Defendants acknowledge that the Fifth Circuit permits district courts to take actions to maintain the status quo during the pendency of an appeal, Defendants argue that Plaintiffs cannot invoke that "status quo" for two reasons. (*Id.* (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) ("While the validity

5

of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo' pursuant to Rule 62(c) of the Federal Rules of Civil Procedure."). Applying circular reasoning, Defendants argue that somehow the PLRA's purported bar on successive, identical injunctive relief prevents the Court from maintaining the status quo here. The Court has already addressed this argument and will not do so again.

Defendants next argue that if the Fifth Circuit reverses this Court's May 23 Ruling, then a second Order mandating the same relief would be improper. (Doc. 286 at 7). Because the Circuit has not made such a finding, this argument has no bearing on the current state of the case.

**D. Relief Warranted.**

Finally, Defendants challenge the substance of the Court's May 23 Ruling. Turning first to the Heat Alert threshold, the Court finds that no facts or law have changed in the intervening 90 days to change the necessity of the 88 degree Fahrenheit Heat Alert threshold. Before issuing the May 23 Ruling, the Court held a three-day evidentiary hearing and heard testimony from several witnesses, including Dr. Susi Vassallo.[1] (Doc. 233–235).

As the Court emphasized in its May 23 Ruling, Dr. Vassallo, a licensed physician and expert in thermoregulation, credibly testified that incarcerated persons working on the Farm Line at LSP are at substantial risk of serious harm due to their prolonged exposure to heat indices above 88 degrees Fahrenheit. (Doc. 253 at 21). Dr. Vassallo relied on data from the Occupational Health and Safety

---

[1] The Court is not relying on its July 2, 2024 Order to make this finding—instead, the Court is relying on new evidence presented to the Court for the purpose of the May 23, 2025 Ruling.

6

Administration, National Weather Service, and scientific literature, described extensively in the Court's May 23 Ruling. (*Id.* at 21–31). The Court's May 23 Ruling was also informed by the fact that the Fifth Circuit and other district courts within the Fifth Circuit have repeatedly relied on Dr. Vassallo's expertise to make similar findings. (Doc. 253 at 24–25).

A Heat Alert threshold of 88 degrees Fahrenheit is also well-supported in the law—numerous courts have found that a heat index of 88 degrees Fahrenheit or higher poses a substantial risk of adverse health outcomes. (Doc. 253 at 31–32). To protect human health and safety, the Court finds that successive injunctive relief is warranted regarding the Heat Alert threshold.

Turning finally to the frequency of heat index monitoring, Defendants contend that they monitor the heat index on the Farm Line at LSP every hour, not every two hours. (Doc. 286 at 8). Accordingly, the difference at issue is one of thirty minutes. The Court will not re-issue this relief at this time.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Expedited Consideration of Motion For Renewed Injunctive Relief (Doc. 281)** is **GRANTED**. The Court has considered Plaintiffs' Motion expeditiously.

**IT IS FURTHER ORDERED** that Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit.

Baton Rouge, Louisiana, this _22nd_ day of August, 2025

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**