# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 27, 2026
Lyle W. Cayce
Clerk

No. 25-30478

---

VOICE OF THE EXPERIENCED, *a membership organization on behalf of itself and its members*; MYRON SMITH, *Individually and on behalf of all others similarly situated*; DAMARIS JACKSON, *Individually and on behalf of all others similarly situated*; NATE WALKER, *Individually and on behalf of all others similarly situated*; DARRIUS WILLIAMS, *Individually and on behalf of all others similarly situated*; KEVIAS HICKS; JOSEPH GUILLORY; ALVIN WILLIAMS,

    *Plaintiffs—Appellees*,

*versus*

JAMES M. LEBLANC, *Secretary, Department of Public Safety and Corrections*; TIM HOOPER, *Warden, Louisiana State Penitentiary*; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

    *Defendants—Appellants*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1304

---

ON PETITION FOR REHEARING EN BANC

Before Davis, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:

Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R.40 I.O.P.), the petition for panel rehearing is DENIED. The petition for rehearing en banc is DENIED because, at the request of one of its members, the court was polled, and a majority did not vote in favor of rehearing (Fed. R. App. P.40 and 5th Cir. R.40).

In the en banc poll, six judges voted in favor of rehearing, Judges Jones, Smith, Ho, Duncan, Engelhardt, and Oldham, and eleven judges voted against rehearing, Chief Judge Elrod, and Judges Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Wilson, Douglas, and Ramirez.

EDITH H. JONES, *Circuit Judge*, joined by SMITH, HO, DUNCAN, and OLDHAM, *Circuit Judges*, dissenting from denial of rehearing en banc:

I respectfully dissent from this court's failure to rehear this appeal en banc and forcefully rebuke the district court's gamesmanship that avoided the requirements of federal law. The authority of federal courts springs from our adherence to governing law, which derives from statutes enacted by Congress, Supreme Court rulings, and for Fifth Circuit district courts, rulings of this court. As Hamilton put it, Article III federal courts have "neither Force nor Will, but merely judgment." *The Federalist No. 78* (Alexander Hamilton). Judgment must be based soundly and impartially on the law. That governing law is inconvenient or personally unpalatable affords no basis for refusing to abide by it. It is up to the Article III courts to police judicial refusals to follow the law. This case, though by far not the only example of recent judicial disobedience, is emblematic.

Twice, the district court here disobeyed the Prison Litigation Reform Act, which mandates that all preliminary injunctions in institutional prison reform cases expire after 90 days if they are not made permanent. 18 U.S.C. § 3626(a)(2). *See Miller v. French,* 530 U.S. 327, 339, 120 S. Ct. 2246, 2254 (2000) (the purpose of the PLRA was to "curb[] the equitable discretion of district courts."). To avoid automatic expiration, the court must "make[] the findings required under subsection (a)(1) for the entry of prospective relief and make[] the order final *before* the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2) (emphasis added). And the court must find that "such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* § 3626(a)(1)(A).

When the court's two violations of the PLRA occurred, litigation in this case about prisoners' farming during the summer had already been

pending a year, and the district court's initial interim relief had been stayed in part by this court.[1] This court subsequently held the appeal moot because the preliminary injunction's 90-day term had expired under the PLRA.[2]

When the next farming season rolled around, a new motion was filed for injunctive relief. The district court issued a new preliminary order, and it was immediately appealed. *Voice of the Experienced v. LeBlanc (II),* No. 25-30322. Apparently seeking to avoid the PLRA's stringent substantive requirements, the district court let its preliminary injunction expire. This court declared the case moot and did not rule on the merits. The state sought rehearing en banc.

But *one day after* the 90-day deadline, the district court reimposed an identical injunction, also without the factfindings required by § 3626 (a)(1)(A). *Voice of the Experienced v. LeBlanc (III),* No. 25-30478. The state again (unsuccessfully) sought rehearing en banc. Yet again, this court has declared the case moot after the PLRA's 90-day deadline expired.[3] And this court has refused to entertain a petition for rehearing en banc. I respectfully dissent.

For two years, the state of Louisiana has been held hostage to serial interim-but-expiring injunctive decrees, but it has been unable to obtain appellate review. Even with expedited appellate schedules in this court, the preliminary injunctions expired, and the appeals were held moot. Obviously, mootness effectively prevents appellate consideration of the propriety of any PLRA-governed preliminary injunction. Even worse from a legal standpoint,

---

[1] *Voice of the Experienced v. LeBlanc (I),* No. 24-30420. The district court's temporary restraining order was treated by this court functionally as a reviewable preliminary injunction.

[2] Given the vicissitudes of litigation, *perhaps* the court's failure to follow the PLRA in this initial skirmish was anomalous.

[3] Since the farming season closed in the fall, the district court finally commenced a full injunction hearing on the claimed violation of prisoners' rights during this winter.

the threat that a district court could commit serial violations of the PLRA with 90-day "preliminary" relief orders that escape appellate review is intolerable. Congress enacted the PLRA precisely to curb excessive and imprudent judicial management of state and local prison facilities. The Supreme Court has admonished that prison administration is among the most difficult but important tasks of government officials. *Turner v. Safley*, 482 U.S. 78, 84–85, 107 S. Ct. 2254, 2259 (1987). Federal courts' inappropriate interference with prison management undermines basic principles of Federalism. Congress very deliberately limited the grounds by which federal judges may impose liability and remedial measures on prison administrators. *Miller*, 530 U.S. at 339–340, 120 S. Ct. at 2254.

In this case, where the specter of serial preliminary injunctive orders by a noncompliant judge has become real, this court should have granted appellate review under the mootness exception for issues capable of repetition yet evading review. The exception requires that "(1) 'the challenged action [must be] in its duration too short to be fully litigated prior to cessation or expiration' and (2) 'there [must be] a reasonable expectation that the same complaining party will be subject to the same action again.'" *Shemwell v. City of McKinney*, 63 F.4th 480, 484 (5th Cir. 2023) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170, 136 S. Ct. 1969, 1976 (2016)). The fact that three appeals have been dismissed as moot proves the first factor, and the fact that an identical injunction is at issue in at least two appeals proves the second factor.

The panels here were bound by our decision in *Smith v. Edwards*, which held that a preliminary injunction under the PLRA does not meet the capable of repetition exception to mootness. *Smith v. Edwards*, 88 F.4th 1119, 1125–26 (5th Cir. 2023). *Smith* held that the 90-day deadline in the PLRA is not "necessarily too short a time fully to litigate a challenge to a PLRA injunction." *Id.* at 1126. The instant proceedings refute that holding.

Although this court has not decided "how much judicial review is needed" before a matter has evaded review, *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020), other circuits hold that sufficient judicial review means parties must have time to seek "'plenary review' by the Supreme Court," *In re Flint Water Cases*, 53 F.4th 176, 189 (6th Circ. 2022) (quoting *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 774, 98 S. Ct. 1407, 1414 (1978)).[4] Two circuits' decisions that involved appeals under the PLRA ruled primarily on the second test for the mootness exception: each confronted only a single injunction that had expired within 90 days, but the courts found that the likelihood of district court evasion was remote. *See United States v. Sec'y, Fla. Dep't of Cor.,* 778 F.3d 1223, 1229 (11th Cir. 2015) ("no basis . . . to predict that [the plaintiff will seek] a new preliminary injunction," nor that "the district court . . . will refrain from finalizing its order."); *Ahlman v. Barnes*, 20 F.4th 489, 491 (9th Cir. 2021) (because the COVID epidemic had subsided, "the chance that Plaintiffs successfully acquire another preliminary injunction . . . is remote."). *Ahlman* also held, however, that in many PLRA appeals, the preliminary injunction "will not be fully litigated before the injunction expires." *Ahlman*, 20 F.4th at 494. Therefore, the first criterion for the mootness exception was fulfilled. *Id.*

The Supreme Court itself "has held that periods of twelve months, *Turner v. Rogers*, 564 U.S. 431, 440 (2011), eighteen months, *First Nat'l Bank*, 435 U.S. at 774, and even two years, *Kingdomware Techs., Inc. v. United States*,

---

[4] *See also United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada, AFL-CIO*, 721 F.3d 678, 688 (D.C. Cir. 2013) ("To evade review, the challenged action must be incapable of surviving long enough to undergo Supreme Court review."); *Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1318 (Fed. Cir. 2025) ("'[E]vading review' means that the underlying action is almost certain to run its course before either this court or the Supreme Court can give the case full consideration." (quoting *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 787 (9th Cir. 2012)); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (holding that a case is only fully litigated if it has opportunity to be "reviewed by [a circuit court] and the Supreme Court.").

579 U.S. 162, 170 (2016), are too short to obtain complete review." *In re Flint Water Cases*, 53 F.4th at 189.

      Ninety days is not enough time for a PLRA case to be fully resolved on appeal. This court should have found by at least the second injunctive order in question that the district court's noncompliance with the PLRA raised issues capable of repetition yet evading review. This court should have taken a stand against judicial failure to abide by the law. I dissent.

Stephen A. Higginson, *Circuit Judge*, joined by Stewart, Graves, and Douglas, *Circuit Judges*, concurring in denial of rehearing en banc:

It is a disservice to our branch for any inferior officer to speak of "rebuk[ing]" or "policing" another. In that spirit, we would all do well to remember our late colleague Judge Reavley's kind and gentle reminder that "[t]he trial judge is the key to the administration of justice. . . . [I]t is a function of the circuit judge to be an enabler of the trial judge, because the trial court is the point of delivery of justice." Thomas M. Reavley, *TMR's Judicial Philosophy*, *in* Reavley on Law, Judging, and the Good Life 7, 7, 9 (Bryan A. Garner ed., 2022); *see also* Alvin B. Rubin, *Views from the Lower Court*, 23 UCLA L. Rev. 448, 452 (1976) ("In these endeavors, hyperbole and metaphor are more frequently a hindrance than a help.").

James C. Ho, *Circuit Judge*, dissenting from the denial of rehearing en banc:

I regret that we're not taking this case en banc. I get that this appeal may become moot—the district court may soon enter final judgment, and thus supplant the preliminary injunction. *See Koppula v. Jaddou*, 72 F.4th 83 (5th Cir. 2023). But even if so, this denial order serves two useful functions.

First, Judge Jones's important dissent details the troubling series of actions by the district court. I join her call to arms on the need for appellate courts to police insubordination in the district courts. *See also In re Westcott*, 135 F.4th 243, 250 & n.1, 251 (5th Cir. 2025) (Ho, J., concurring). One hopes that district courts in our circuit will heed her message.[1]

Second, the support for rehearing en banc today restores and reaffirms the proper standards that do (and do not) govern rehearing en banc.

In *United States v. Bell*, 130 F.4th 1053 (5th Cir. 2025), the support for en banc review reaffirmed that the lack of an en banc petition is *not* a good reason to deny en banc—a point that warranted clarification after *Neese v. Becerra*, 127 F.4th 601 (5th Cir. 2025).

Today's order likewise restores an en banc principle put into question in *Neese*. We reaffirm today that a suggestion of mootness (like the absence of an en banc petition) is *not* a good reason to deny rehearing en banc.

---

[1] Our colleagues contend that it's wrong to comment on insubordination by federal judges. *See ante*, at 8 (Higginson, J., concurring in the denial of rehearing en banc).

But they did just that—indeed, just last week—in *Roake v. Brumley*, _ F.4th _, _ (5th Cir. 2026) (Dennis, J., dissenting) (accusing federal judges of "evad[ing]" precedent in a "calculated" "maneuver" to violate the "vertical fidelity that defines the role of an inferior court"). Their dissent in *Roake* demonstrates that they see nothing wrong with judges judging the work of other judges. Nor do I. Indeed, that's our job. The only question is whether a particular allegation of insubordination is true or false.

To begin with, a suggestion of mootness is just that—a suggestion. It may well be proven false.[2]

And even if the suggestion of mootness comes true, it's still worth granting en banc review, just to vacate the errant panel precedent. *See Neese*, 127 F.4th at 603 n.1 (Ho, J., dissenting from the denial of rehearing en banc).

Take *Spectrum WT v. Wendler*, 157 F.4th 673 (5th Cir. 2025). That appeal featured both elements from *Neese*—namely, (1) no en banc petition, and (2) a suggestion of mootness. In fact, it presented a much higher risk of mootness than *Neese* (*ante*, at n.1). Pending proceedings in the *Spectrum WT* district court, like here, strongly indicated that final judgment would soon supplant the preliminary injunction. We granted en banc review anyway—thus vacating errant panel precedent. And then we dismissed the appeal as moot. *See* Order, No. 23-10994 (5th Cir. Jan. 20, 2026).

The panel decision here was unpublished and thus non-precedential. So if rehearing en banc is warranted even here—and I agree that it is—then it was *a fortiori* warranted in both *Spectrum WT* and *Neese*.

---

[2] *See Neese*, 127 F.4th at 603 n.1 (Ho, J., dissenting from the denial of rehearing en banc) (opposing misuse of "procedural stratagems to avoid judicial review," such as a suggestion of mootness because the government purports to have abandoned its views) (citing cases); *see also Tennessee v. Kennedy*, 2025 WL 2982069, *4 (S.D. Miss. 2025) (later ordering same relief that the district court granted in *Neese*, because "Defendants have not delineated any efforts they have made to comply with the President's directives").

Judge Jones believes the suggestion of mootness will prove false here, too. Taking this case en banc would have allowed us to explore her theory further. *See, e.g.*, *Independence Party of Richmond Cnty. v. Graham*, 413 F.3d 252, 256 (2nd Cir. 2005) ("To apply the 'capable of repetition yet evading review' exception to otherwise moot appeals of preliminary injunctions would, moreover, impermissibly evade the ordinary rule, pursuant to 28 U.S.C. § 1291, that appellate courts review only 'final decisions' of a lower court.").

\* \* \*

I'm grateful to Judge Jones for emphasizing the importance of policing district courts—and for reaffirming that a suggestion of mootness, like the absence of an en banc petition, is not a good reason to deny en banc review.

Cory T. Wilson, *Circuit Judge*, respecting the denial of rehearing en banc:

Under the Prison Litigation Reform Act (PLRA), preliminary injunctions automatically expire after 90 days unless the district court makes specific factual findings to support extending the injunction. *See* 18 U.S.C. § 3626(a)(2). Generally, once a preliminary injunction expires, it is moot and therefore unreviewable by our court. *Smith v. Edwards*, 88 F.4th 1119, 1124 (5th Cir. 2023). Yet in this appeal, our court faces a concerning conundrum: If a district court may simply enter a "new" preliminary injunction under the PLRA on day 91, after a prior one expires, that court can functionally evade the PLRA's express curbs on its injunctive power, seemingly insulated from appellate review.

This litigation, involving Louisiana prisoners' exposure to summer heat while working the penitentiary's farm line, starkly illustrates the problem. The injunctive relief fashioned by the district court was needed only in the summer growing season, *i.e.*, for about 90 days, give or take. So for two years now, as green shoots emerged in the spring, so did plaintiffs' requests for preliminary injunctive relief, after lying fallow during the cooler months. And as spring turned to summer, the district court entered "preliminary" relief, which lapsed per the PLRA's timeframe before our court could review the injunctions on substance. Like Judge Jones and my other dissenting colleagues, I am deeply skeptical that this pattern complies with the PLRA's statutory parameters.

But I voted against hearing this case en banc because it presents a poor vehicle to address the problems with the district court's approach. First, the mootness-exception issue—the concern driving Judge Jones's dissent—was not squarely put before our *VOTE* panel. As a result, in dismissing the second of these serial appeals, we did not have occasion to consider the issue

in any depth. *See Voice of the Experienced v. LeBlanc*, 2025 WL 2481382 (5th Cir. Aug. 28, 2025) (*VOTE II*); *see also Voice of the Experienced v. Westcott*, 2025 WL 2222990 (5th Cir. Aug. 5, 2025) (*VOTE I*); *Voice of the Experienced v. LeBlanc*, 2025 WL 3252638 (5th Cir. Nov. 21, 2025) (*VOTE III*). And even assuming the issue was properly raised by the State, I am not convinced that *Smith v. Edwards* is irreconcilable with the *VOTE* panels' holdings. Nor am I convinced that *Smith* was incorrect in its analysis of the capable-of-repetition-yet-evading-review exception to mootness. In other words, I am not ready to jettison the notion that meaningful review of a district court's preliminary injunction is feasible within the PLRA's express framework—even if it would, by definition, need to be expedited.

Regardless, these cases will also shortly be moot for another reason: Earlier this month, the district court conducted a five-day bench trial on the prisoners' claims for declaratory and permanent injunctive relief. Whichever way the district court's ruling goes, the perennial crop of preliminary injunctions will not be sown again during this year's growing season. Therefore, while I share many of the concerns sketched by Judge Jones about the "evergreen" preliminary relief at issue, the more judicious course is a patient one. At bottom, I "do not believe our en banc resources are warranted to review the mootness question" in the case at hand. *Sacramento Homeless Union v. City of Sacramento*, 115 F.4th 1149, 1154 (9th Cir. 2024) (Nelson, J., respecting the denial of rehearing en banc).